In re Patrick GANNE.

**Herman Eugene WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 3–82–063–CR.

Court of Appeals of Texas,
Austin.

Nov. 10, 1982.

Patrick Ganne, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., First Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

ORDER

PER CURIAM.

This is a contempt proceeding, ancillary to a criminal appeal now pending in this Court. The appellant is Herman Eugene Williams, recipient of life imprisonment for burglary; the subject of this ancillary proceeding is Patrick Ganne, appellant's court-appointed counsel.

On July 28, 1982, this Court issued the following amended show-cause order:

The prior show-cause order issued by this Court on July 7, 1982, is hereby withdrawn and this amended order, also containing instructions directed to the trial court, is issued in lieu thereof.

This is an appeal from a judgment of conviction for attempted burglary of a building. Tex.Pen.Code Ann. § 15.01(a) (Supp.1981); § 30.02(a)(1) (1974). After a jury trial resulting in a verdict of guilty, the court assessed punishment, enhanced by two prior felony convictions, at imprisonment for life.

On June 9, 1982, it having been noted that appellant's appointed counsel, Patrick Ganne, had failed to timely file a brief in his client's behalf, this Court entered an order requiring counsel to file a brief on or before July 5, 1982.

In response, counsel filed a brief in this Court on June 14, 1982. In the brief, counsel concluded that the appeal is frivolous and without merit. Upon this Court's determination that the brief was not in compliance with *Anders v. California,* 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1967), and applicable decisions of the Court of Criminal Appeals, an order was entered on June 16, 1982, requiring Mr. Ganne to file an amended brief in compliance with those decisions on or before June 28, 1982. In that order, the following defects were specified:

'The brief does not discuss the indictment, the sufficiency of the charge, the evidence adduced at trial, nor does it point to where pertinent testimony may be found in the record nor to those pages in the record where objections were made, the nature of the objection, the trial court's ruling, or discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court. [citation omitted]'

No amended brief having been tendered for filing as ordered within the time specified, on July 7, 1982, a show-

cause order was entered, requiring Mr. Ganne to appear before the Court on the 6th day of October, 1982, then and there to show cause why he should not be held in contempt for his failure to file the amended brief as ordered, and sanctions imposed. It is that order which is being withdrawn, and this amended order issued in its place.

Thereafter, on July 9, 1982, untimely by eleven days and without explanation, Mr. Ganne tendered an amended brief for filing with the Clerk. Despite the specific instructions contained in the Court's order of June 16, 1982, quoted above, the amended brief does *not* discuss the indictment, including the sufficiency of the enhancement allegations relied upon by the State; it does *not* discuss or evaluate the charge given to the jury; it contains a brief summary of the evidence, but *without* reference to the pages of the record where the pertinent testimony may be found; and, although the most cursory examination of the statement of facts reveals a variety of objections made by Mr. Ganne during trial, the amended brief does *not* refer to them, the court's ruling or how the appellant was not harmed. *See High v. State,* 573 S.W.2d 807 (Tex.Cr.App.1978).

For the reasons stated above, it is hereby ordered that Patrick Ganne shall appear, in person, before this Court on the 6th day of October, 1982, at 1:30 o'clock p.m., in the courtroom of this Court, in the Supreme Court Building, City of Austin, Travis County, Texas, then and there to show cause why he should not be held in contempt for his failure to obey the order of this Court, dated June 16, 1982, requiring him to file an amended brief on or before June 28, 1982, and specifying the defects to be remedied therein, and why sanctions should not be imposed for his failure.

From the circumstances stated, we also conclude that appellant is not receiving effective assistance of counsel in this appeal. Inasmuch as the selection of appointed counsel was made by the trial court, which also determines the matter of his compensation, and retains the duty to see that an indigent defendant is afforded adequate assistance of counsel by reason of that appointment, we regard it as appropriate to direct remedial instructions to the court below. Accordingly, the Honorable Mace B. Thurman, Jr., is hereby directed to take such steps as he deems necessary, within the lawful exercise of his discretion, to insure that the appellant receives the effective assistance of counsel in this appeal. The actions taken by the trial court shall be reduced to writing, and filed in this Court, by supplemental transcript, on or before the 1st day of September, 1982. It is further ordered that an amended brief, properly prepared, be filed in this Court in appellant's behalf, on or before the 1st day of October, 1982.

It is so ordered this the 28th day of July, 1982.

On September 1, 1982, Mr. Ganne tendered a second amended brief. Unlike the briefs preceding it, the brief presents two grounds of error, and no longer characterizes the appeal as frivolous. Based upon the tender of this brief, the trial court has continued Mr. Ganne as appellant's appointed counsel.

A show-cause hearing was held in this Court on October 6, 1982. Although Mr. Ganne appeared as required, he did not deny or offer reasonable excuse for the contempt recited in the amended order of July 28, 1982. After consideration of the circumstances stated above, we find that appellant's counsel is in contempt of this Court, and conclude that he should be punished for such contempt. In contravention of the order dated June 16, 1982, Mr. Ganne failed to file the amended brief, as ordered, on or before June 28, 1982. Further, when he tendered the amended brief for filing, eleven days late, Mr. Ganne had also failed to remedy the specific defects ordered to be corrected. He presents no justification for his failure to obey the order of this Court.

It is accordingly ordered that the said Patrick Ganne shall be punished for such

contempt by a fine in the amount of Two Hundred Fifty Dollars ($250.00). The fine assessed against him shall be discharged in the same manner that a judgment and sentence entered against a defendant in an ordinary criminal case may be discharged; and all money paid in discharge of said fine shall be paid to the Clerk of this Court.