**Ex parte Alfred ALDERSON, III.**

**No. 18025.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 24, 1981.

Rehearing Denied Oct. 19, 1981.

Walter J. Pink, Houston, for Alfred Alderson, III.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

SMITH, Justice.

This is a petition for a writ of habeas corpus. Relator was placed in Fort Bend County jail on March 5, 1981, for contempt of court for nonpayment of child support, and seeks release from custody of the sheriff of Fort Bend County, Texas.

On September 28, 1978, relator was divorced from Carol Ann Alderson. The decree appointed Carol Ann Alderson managing conservator and the relator possessory conservator of their only child, and ordered the relator to pay $270.00 monthly in child support.

On December 18, 1980, the court found relator in contempt of court for disobeying the divorce decree by refusing to pay Carol Ann Alderson $270.00 monthly child support. The court found that the relator was $2,735.00 in arrears as of December 8, 1980.

The court ordered relator to pay $335.00 as part of the arrearage and to pay the remaining amount of arrearage, $2400, at the rate of $50 monthly in addition to the regular monthly child support payments. The court then suspended its order until January 13, 1981 to allow the relator an opportunity to raise $335.00.

On March 5, 1981, the court found that the relator had not complied with its order of December 18, 1980. The court revoked the suspension of commitment dated December 18, 1980 and ordered the relator committed to the custody of the sheriff of Fort Bend County, Texas.

This court has permitted the relator to file bond and remain free of custody during this appeal.

Relator alleges in his application for a writ of habeas corpus that he is illegally restrained and that the order of contempt violates his right to equal protection under the 14th amendment. There is no brief setting out written argument in support of this contention. However, the relator asserts in his petition that he has no property to sell or mortgage, that no financial institution would lend him money, and that he could not borrow from relatives. He also alleges that he has been unemployed and has only recently been hired, but has no funds and no ability to make the payments required by the court's order of December 18, 1980.

■ It is well established that if inability to perform is conclusively shown, the trial court has no power to order commitment for contempt and the contempt order is void. *Ex Parte Rohleder*, 424 S.W.2d 891 (Tex.1967).

The burden of ability to pay is upon the relator to prove conclusively that he has no source from which he could obtain the necessary funds. *Ex Parte Butler*, 523 S.W.2d 309 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

■ The relator has not filed a statement of facts in this matter so we have no proof of his ability or lack of ability to pay those amounts required by the court order. He has failed to meet his burden of proving inability to perform. *Ex Parte Hemmitt*, 580 S.W.2d 51 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

Relator did file one motion to extend his time for filing a statement of facts and such motion was granted, and this case was reset from May 7, 1981 to September 10, 1981 to give the relator an opportunity to obtain the statement of facts. The statement of facts has not been filed with this court and no further motions have been filed to extend the time for filing of one.

The petition for writ of habeas corpus is denied and the custody of the relator is remanded to the sheriff of Fort Bend County, Texas.