**Ex parte Will GRAY, Appellant.**

No. 69098.

Court of Criminal Appeals of Texas, En Banc.

May 11, 1983.

Terrence Gaiser and Ken J. McLean, Houston, for Gray.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an application for a writ of prohibition or habeas corpus. Applicant Will Gray is an attorney seeking to overturn and prevent enforcement of an order of the Thirteenth Court of Appeals barring him from accepting court appointments to represent indigent defendants in trial or appellate courts within the Second Administrative Judicial District of Texas for a period of six months. Gray also seeks to overturn a judgment of contempt entered against him by the 177th Judicial District Court of Harris County based on his refusal to accept an appointment to represent an indigent defendant in a criminal matter.[1]

The events leading to the Court of Appeals' order show the following:

On March 15, 1982, Armando Marroquin was convicted in the 24th Judicial District Court of Jackson County of aggravated as-sault and sentenced to seven years' confinement and a $3000.00 fine. Marroquin was represented at trial by Hector Azios, retained counsel. Subsequently, fifty-two days after sentencing, Azios sought to have Marroquin declared an indigent for purposes of appeal. The trial court denied Marroquin indigent status and an appeal was taken therefrom by Azios. After a motion for an extension of time to file the statement of facts from the indigency hearing was granted, the same was timely filed in the Court of Appeals, completing the record on appeal to that court.[2]

On September 9, 1982, the Court of Appeals ordered Azios, who was served with a copy of the order by certified mail, to file a brief in that court.

On October 4, 1982, applicant Gray first became involved in the matter when he filed *for Azios* a motion for an extension of time in which to file a brief in which Gray stated: "Will Gray has agreed to file the brief for Mr. Azios and will do so as soon as he can obtain a copy of the transcript and determine whether or not notice of appeal was timely given, and, if it was not, to move this Court for leave to give out-of-time notice of appeal." The motion was granted by the Court of Appeals and the time extended until October 9, 1982. The Court of Appeals, sua sponte, granted a further extension of time in which to file the brief. The brief was to be filed by October 29, 1982. Notice of this extension was given to Gray. No brief was filed.

On December 30, 1982, the Court of Appeals in a per curiam opinion affirmed the trial court's determination of non-indigency, ordered Gray and Azios either jointly or individually to file a motion for rehearing, a brief in support thereof, and ordered Gray to appear before the Court of Appeals to explain his conduct *and receive sanctions* for it.

---

1. We note that the Second Administrative Judicial District does not encompass any of those areas within the geographical jurisdiction of the Court of Appeals for the Thirteenth Supreme Judicial District.

2. All other appellate jurisdictional requirements appear to have been met.

The motion for rehearing and its supporting brief were filed by Gray as ordered, and on January 26, 1983, he appeared before the Court of Appeals pursuant to its order of December 30, 1982. A hearing was held, and thereafter the sanctions complained of herein were entered against Gray.[3]

■ A writ of mandamus, or prohibition, may be the proper relief to set aside an improper order. *State ex rel. Vance v. Hatten,* 600 S.W.2d 828 (Tex.Cr.App.1980); *State ex rel. Vance v. Routt,* 571 S.W.2d 903 (Tex.Cr.App.1979). Prohibition is proper to restrain enforcement of a future act and not to undo an act already performed. *Le-Blanc v. Gist,* 603 S.W.2d 841 (Tex.Cr.App. 1980). The line between mandamus and prohibition is a thin one[4] and, therefore, this Court looks not to the nomenclature or form of the relief sought, but to its substance. Since the order of the Court of Appeals has already been entered, the relief sought is in the nature of mandamus. *State ex rel. Wilson v. Harris,* 555 S.W.2d 470 (Tex.Cr.App.1977).

The order for Gray to appear before the Court of Appeals on January 26, 1983, is contained within the Court's opinion in the Marroquin case.[5] If the Court of Appeals' actions are construed as a contempt proceeding, a show cause order was required. *Ex parte Conway,* 419 S.W.2d 827 (Tex. 1967). The only person ordered to file a brief in the original appeal of the aggravated assault conviction was Azios. The Court of Appeals never ordered Gray to do anything in that regard and when he was ordered to file a brief and a motion for rehearing he complied.

■ A court cannot punish someone for contempt of an order which did not order him to do or not to do some specific act. *Ex parte Padron,* 565 S.W.2d 921 (Tex. 1978).

In sanctioning Gray, the Court of Appeals apparently relied upon this Court's decision in *Guillory v. State,* 557 S.W.2d 118 (Tex.Cr. App.1977). In *Guillory,* this Court held that where a trial court was informed that no brief had been filed in an indigent appellant's behalf by *court-appointed* counsel, the trial court could command *court-appointed counsel* to file a brief within a specified period of time, and if counsel failed, the court could (1) issue a show cause order requiring counsel to show why he should not be held in contempt; (2) report counsel to an appropriate grievance committee for disciplinary action; (3) relieve appointed counsel and appoint some other counsel in the matter, and (4) order the recalcitrant attorney not to receive any appointments to represent indigents *in its court.* The record reflects that Gray was never retained nor appointed by the trial court in Marroquin's appeal.

■ Viewing the Court of Appeals' order as one of punishment for contempt, it is void and improper. As an order of contempt, it is not appealable and thus applicant has no other adequate remedy at law but to invoke this Court's writ of mandamus/habeas corpus power as he has done. *Ex parte Moorehouse,* 614 S.W.2d 450 (Tex. Cr.App.1981). Furthermore, a court's au-

---

**3.** The order entered recites in its entirety:

"This Court finds that you have failed to file a brief in Cause No. 13–82–103–CR, styled Marroquin v. State of Texas in accordance with the rules of Criminal Procedure, all as is set out in the Per Curiam opinion of this Court rendered December 30, 1982.

"Because of your failure to file a brief in the above styled and numbered cause, we are imposing the following sanctions.

"You are hereby ordered not to accept any appointments to represent indigent defendants in the trial courts of record in the Second Administrative Judicial District of the State of Texas or in the appellate courts in that district for a period of six months from this date.

"The Clerk of this Court is ordered to deliver a copy of this Order and the Court's opinion in the above numbered and styled cause to all trial courts of record in the Second Administrative Judicial District suggesting to them not to appoint Attorney Will Gray to represent any indigent defendant for a period of six months from this date."

**4.** *Knowles v. Schofield,* 598 S.W.2d 854 (Tex. Cr.App.1980).

**5.** *Marroquin v. State,* 652 S.W.2d 429 (1982).

thority to punish for contempt is limited by the express provisions of Article 1911a, V.A. C.S. The purported order of the Court of Appeals does not fall with these statutory limits. See: In the matter of the *Marriage of Neidert*, 583 S.W.2d 461 (Tex.Civ.App.—Amarillo, 1979, no writ).

We now turn to the contempt order entered against applicant by the trial court for his refusal to accept an appointment to represent an indigent defendant in a criminal matter.

It is a good and complete defense to a contempt action that the accused is involuntarily unable to comply with the court's order. *Ex parte Alderson*, 623 S.W.2d 751 (Tex.App.—Houston [1st Dist.] 1981, no writ). Applicant made out such defense to the trial court by pointing out the restraints placed upon him by the Court of Appeals. Gray contended that if he accepted the trial court's appointment he would be in contempt of the Court of Appeals' order and that if he did not accept the appointment he would be in contempt of the trial court.

Our opinion today is not to be taken as a condonation of attorney Gray's actions. On the contrary, Gray misled the Court of Appeals, and as a result, has caused an inordinate expenditure of judicial resources, not only in the Court of Appeals but in this Court as well.

The order of the Court of Appeals is vacated. The judgment of contempt of the 177th Judicial District Court of Harris County is likewise vacated. We expect that both respondent courts herein will comply with this opinion without requiring this Court to issue the appropriate writs of mandamus. Thus, the relief requested by Gray is conditionally granted, but the appropriate writs will not issue unless the respondent courts refuse or fail to comply with this order.

It is so ordered.

ONION, P.J., and CLINTON and TEAGUE, JJ., concur in the result.