**Ex parte Wayne Paul CHENNAULT.**

**No. 9798.**

Court of Appeals of Texas, Texarkana.

Aug. 29, 1989.

Frank D. Moore, Cooper, for appellant.

Alwin A. Smith, Sulphur Springs, for appellee.

GRANT, Justice.

Wayne Paul Chennault was adjudged guilty of contempt and thereafter incarcerated in the county jail of Hopkins County for failure to pay child support. The order of contempt provides that he shall remain confined until he complies with the court's order to pay $1,280.00 to his former wife as child support arrearage. Chennault filed a writ of habeas corpus contending that he is entirely unable to pay and thus should be released from confinement. This Court has jurisdiction to consider this matter under Tex.Gov't Code Ann. § 22.221(d) (Vernon 1988).

■ Chennault argues that the judgment of contempt is void because he lacks the financial resources to purge himself. A judgment of contempt is void and habeas corpus therefore proper if the conditions for purging the contempt are impossible of performance. *Ex parte Ramzy*, 424 S.W.2d 220 (Tex.1968). However, the burden is on relator to establish that he cannot perform the act necessary to purge himself, and this must be done in the trial court. *Ex parte Ramzy*, supra; *Ex parte Jones*, 602 S.W.2d 400 (Tex.App.—Waco 1980) (orig. proceeding). We can only treat an order of contempt as void if the evidence conclusively demonstrates the relator's involuntary inability to perform. *Ex*

*parte Rine*, 603 S.W.2d 268 (Tex.App.—Waco 1980) (orig. proceeding). We cannot make such a conclusive determination without a statement of facts developed at the contempt hearing. *Ex parte Hemmitt*, 580 S.W.2d 51 (Tex.App.—Houston [14th Dist.] 1979) (orig. proceeding). Chennault has not filed a statement of facts.

■ Chennault also argues that the trial court's determination that he was indigent for the purpose of appointing an attorney is equivalent to finding that he was financially unable to purge himself. A finding of indigency merely means that he cannot afford counsel for a variety of reasons. One of those reasons could be outstanding obligations such as the existing child support arrearage. Tex.Code Crim.Proc.Ann. art. 1.051 (Vernon Supp.1989), art. 26.04(b), (d) (Vernon 1989). The fact that Chennault has a court-appointed counsel does not show that he lacks financial resources to pay child support. To so hold would, in effect, make the hearing on the appointment of an attorney determinative on the merits of his ability to pay child support.

Under the present state of the record, we hold that the trial court's order holding relator in contempt is not void. Relator's application for writ of habeas corpus is denied.