IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-240-CV





EX PARTE: JON DEAN PHELPS, RELATOR,



 


 





HABEAS CORPUS PROCEEDING FROM TRAVIS COUNTY





 





PER CURIAM



 This is an original habeas corpus proceeding by which
relator Jon Dean Phelps seeks discharge from the custody of the
sheriff of Travis County. Tex. Gov't Code Ann. § 22.221(d) (1988);
Tex. R. App. P. Ann. 120 (Supp. 1990). Relator was committed to
jail by an order enforcing child support obligation, which included
a finding of contempt and order of commitment, entered by the
district court of Travis County. Relator has filed in this cause
a statement of the sheriff of Travis County that relator is
currently incarcerated in the Travis County jail. Rule 120(b)(6).

 Relator and Toni Rae Van Gilst (1) were divorced by a decree
of divorce entered by the district court of Travis County on
December 2, 1988. In pertinent part, the divorce decree ordered
relator to pay $200 per month for the support of the parties' child
beginning on December 15, 1988. The order enforcing child support
obligation enters judgment against relator in the amount of $4,600;
finds relator in contempt for failure to make payments in the
amount of $200 each on March 15 and April 15, 1990; and orders
relator confined "for a period of 90 days on each count, to be
served concurrently and thereafter until he pays $400 on
arre[ars]." (2) Attached to the order is a work release whereby
relator is ordered released from custody to look for employment and
to appear before the district court on December 5, 1990, for a
hearing to review his compliance with the court's orders. The
sheriff's statement shows that relator was incarcerated on October
24, 1990, and has a scheduled release date of January 21, 1991.

 In his petition and amended petition for a writ of habeas
corpus, relator asserts that the civil portion of the contempt
judgment is void because he is unable to pay the $400 in past-due
child support. Relator cannot be imprisoned if he does not have
the means by which to purge himself of the contempt because to do
so would authorize the trial court to confine him for life. Ex
parte De Wees, 210 S.W.2d 145 (Tex. 1948). The evidence at the
hearing must conclusively establish that relator did not have, and
had no source from which he might reasonably be expected to obtain,
the arrears. Ex parte Rohleder, 424 S.W.2d 891 (Tex. 1967); Ex
parte Cummings, 610 S.W.2d 238 (Tex. Civ. App. 1980, orig.
proceeding).

 Relator has not, however, filed in this proceeding a
statement of facts from the hearing in the district court. See
Rule 120(b)(7). In the absence of a statement of facts, this Court
cannot determine whether relator met his burden in district court
to establish the impossibility of performance. Ex parte Chennault,
776 S.W.2d 703 (Tex. App. 1989, orig. proceeding); Ex parte
Alderson, 623 S.W.2d 751 (Tex. App. 1981, orig. proceeding); see Ex
parte Linder, 783 S.W.2d 754, 760 (Tex. App. 1990, orig. 
proceeding). Furthermore, relator has not filed an affidavit to
support the factual allegations contained in his petition filed in
this Court. See Rule 120(b)(8); Ex parte Mabry, 792 S.W.2d 588
(Tex. App. 1990, orig. proceeding).

 Accordingly, relator has not met his burden to establish
his right to relief. The petition for writ of habeas corpus is
denied.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Filed:  January 16, 1991

[Do Not Publish]
1. Van Gilst was represented by the Child Support Enforcement
Division of the Office of the Attorney General in the proceeding
below and has not filed a response in this proceeding. Relator
appears pro se.
2. The copy of the order filed here is a recommendation of the
master and does not include a signed order adopting master's
report. Tex. Fam. Code Ann. § 14.82 (Supp. 1991); Tex. Gov't Code
Ann. § 54.013 (1988). Because relator does not complain of the
order, we will presume that he is incarcerated pursuant to a
written order of the district court. See Ex parte Martinez, 331
S.W.2d 209 (Tex. 1960).