NO. 07-12-00440-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 2, 2012

_____

IN RE JAMES G. MILLER, RELATOR

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator, James G. Miller, has filed a petition for writ of mandamus by which he seeks the issuance of a writ ordering the respondent, the Honorable Jim Bob Darnell, Judge of the 140th District Court of Lubbock County, Texas, to vacate his May 14, 2004 Judgment on the basis that the trial court lacked jurisdiction to enter the May 14, 2004 Judgment. Finding we lack jurisdiction, we will dismiss Miller's petition.

Background

On June 3, 2003, a Lubbock County grand jury returned a four-count indictment against Miller. On December 8, 2003, the State opted to waive the third and fourth counts of the indictment. On December 10, 2003, Miller was acquitted of the first and second counts of the indictment. Following Miller's acquittal, the State announced its intention to prosecute Miller on the previously waived third and fourth counts of the indictment. On April 14, 2004, Miller was found guilty of the offenses alleged in counts

three[1] and four[2] of the grand jury's indictment. Subsequently, the trial court sentenced Miller to 99 years' incarceration.

Following Miller's conviction and sentence, he perfected appeal to this Court. Finding no reversible error in the judgment of the trial court, this Court affirmed the judgment. See Miller v. State, No. 07-04-00332-CR, 2006 Tex.App. LEXIS 2369, at *17 (Tex.App.—Amarillo Mar. 29, 2006, pet. ref'd). After Miller's petition for discretionary review was refused by the Texas Court of Criminal Appeals, mandate was issued by this Court on October 18, 2006. Consequently, Miller's felony convictions are final.

Analysis

The substance of the relief Miller seeks by mandamus is a request for post-conviction habeas corpus relief. See TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2005) (writ of habeas corpus is remedy to be used when a person is restrained in his liberty); Prophet v. Hatten, No. 01-87-00729-CV, 1987 Tex.App. LEXIS 8492, at *1 (Tex.App.—Houston [1st Dist.] Oct. 8, 1987, orig. proceeding) (post-conviction claim that convicting court lacked jurisdiction is a request for habeas corpus relief); see also Ex parte Gray, 649 S.W.2d 640, 642 (Tex.Crim.App. 1983) (court must look to the substance of the relief sought, rather than its nomenclature or form). Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. TEX.

---

[1] Count three alleged the offense of possession of an immediate precursor with intent to manufacture a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.124(a)(2) (West 2010).

[2] Count four alleged the offense of possession of anhydrous ammonia with intent to manufacture a controlled substance. Id. § 481.124(a)(1).

2

CODE CRIM. PROC. ANN. art. 11.07, § 3 (West Supp. 2012); Ex parte Alexander, 685 S.W.2d 57, 60 (Tex.Crim.App. 1985).

Because we have no jurisdiction over what is, in effect, a post-conviction habeas corpus proceeding, we dismiss Miller's petition for writ of mandamus.


Mackey K. Hancock
Justice