

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-15-00298-CV

---

IN RE JAMES HENRY GIBSON, RELATOR

---

ORIGINAL PROCEEDING

---

August 5, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator, James Henry Gibson, has filed a petition for writ of mandamus by which he seeks the issuance of a writ ordering the respondent, the Honorable Dan L. Schaap, Judge of the 47th District Court of Randall County, Texas, to vacate judgments he entered in trial court cause numbers 24276A and 24329A. By his petition, Gibson presents issues of insufficiency of the evidence, denial of counsel at a critical stage of a criminal proceeding, and ineffective assistance of counsel. Finding we lack jurisdiction, we will dismiss Gibson's petition.

Following Gibson's convictions and sentencing in trial court cause numbers 24276A and 24329A, he perfected appeal to this Court. After reviewing issues of sufficiency of the evidence, this Court found no reversible error and affirmed the

judgment of the trial court. *See Gibson v. State*, Nos. 07-13-00412-CR, 07-13-00413-CR, 2014 Tex. App. LEXIS 9438, at *19 (Tex. App.—Amarillo Aug. 25, 2014, pet. ref'd.). After Gibson's petition for discretionary review was refused by the Texas Court of Criminal Appeals, mandate was issued by this Court on December 23, 2014. Consequently, Gibson's felony convictions are final.

Analysis

The issues Gibson presents in his petition for writ of mandamus are issues that should have been raised in Gibson's direct appeal or in a request for post-conviction habeas corpus relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2015) (writ of habeas corpus is remedy to be used when a person is restrained in his liberty); *Ex parte Gray*, 649 S.W.2d 640, 642 (Tex. Crim. App. 1983) (court must look to the substance of the relief sought, rather than its nomenclature or form). Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (West 2015); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

Because we have no jurisdiction over what is, in effect, a post-conviction habeas corpus proceeding, we dismiss Gibson's petition for writ of mandamus.[1]

Mackey K. Hancock
Justice

---

[1] We note that it appears that Gibson has filed an application for post-conviction habeas corpus relief in January. However, this application was denied by the Texas Court of Criminal Appeals without written order. *See Ex parte Gibson*, No. WR-44,081-04 (Tex. Crim. App. Jan. 28, 2015).