

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00218-CR

EX PARTE ISRIEL MCBRIDE, JR., RELATOR

ORIGINAL PROCEEDING

June 18, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Relator, Isriel McBride, Jr., has filed a petition for writ of mandamus seeking an out-of-time appeal from his criminal conviction. We dismiss the proceeding for want of jurisdiction.

In 1996, McBride was convicted of attempted murder and sentenced to life imprisonment. He appealed his conviction in 2003. We dismissed the untimely appeal for want of jurisdiction in *McBride v. State*, No. 07-03-00143-CR, 2003 Tex. App. LEXIS 10485, at *2 (Tex. App.—Amarillo Dec. 12, 2003, no pet.) (mem. op.). Now pending before the Court is a petition for writ of mandamus wherein McBride asks this Court to direct the Honorable Les Hatch, Judge of the 237th District Court, to grant him an out-of-time appeal. In his petition, McBride states that he has previously filed an application for

writ of habeas corpus in the trial court and cannot file any future applications without meeting the requirements of article 11.07, section 4, of the Code of Criminal Procedure.

Because McBride seeks habeas relief from this Court through his petition for writ of mandamus, we construe his pleading as an application for writ of habeas corpus.[1] *See Ex parte Gray*, 649 S.W.2d 640, 642 (Tex. Crim. App. 1983) (requiring courts to look to the substance of the relief sought, rather than the nomenclature or form of the pleading); TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (West 2015) (providing that relief from a final felony conviction may be obtained by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals). However, this Court does not have original habeas corpus jurisdiction in criminal matters. *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd). Only the Court of Criminal Appeals has authority to grant relief in post-conviction habeas corpus proceedings concerning final felony convictions. *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5.

Accordingly, we dismiss this original proceeding for want of jurisdiction.

Per Curiam

Do not publish.

---

[1] Were this Court to construe McBride's pleading as a petition for writ of mandamus, McBride failed to show that (1) the trial court abused its discretion, and (2) no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). It was McBride's burden to conclusively prove through a proper mandamus record that (1) the trial court had a legal duty to perform a non-discretionary act, (2) performance was demanded, and (3) the trial court refused to act. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). McBride did not present proof of any of these requirements in his petition and, therefore, made no showing that the trial court abused its discretion.