

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-20-00364-CR
07-20-00365-CR
07-20-00366-CR
07-20-00367-CR
07-20-00368-CR

EX PARTE JOSEPH CHARLES CAMPA

ORIGINAL PROCEEDING ON APPLICATION FOR WRIT OF HABEAS CORPUS

December 28, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appearing pro se, Joseph Charles Campa has filed an application for writ of habeas corpus with this Court seeking to set aside five final felony convictions.[1]

---

[1] Campa was previously convicted of continuous sexual abuse of a child under the age of 14, prohibited sexual conduct, and sexual assault of a child. This Court affirmed the convictions on appeal. *See Campa v. State,* Nos. 07-16-00306-CR, 07-16-00307-CR, 07-16-00308-CR, 07-16-00309-CR, 07-16-00310-CR, 2018 Tex. App. LEXIS 4874 (Tex. App.—Amarillo June 28, 2018, no pet.) (mem. op., not designated for publication). On December 8, 2020, Campa filed with this Court an instrument entitled "Motion for Writ of Error Under Fed. R. Crim. Pro. Rule 60(b)(3)&(4)" challenging each of his convictions. We have construed the document Campa filed as an application seeking habeas corpus relief. *See Ex parte Gray,* 649 S.W.2d 640, 642 (Tex. Crim. App. 1983) (requiring courts to look to the substance of the relief sought, rather than the nomenclature or form of the pleading).

An intermediate court of appeals does not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2020) (limiting original habeas corpus jurisdiction of intermediate courts of appeals to civil matters); *Ex parte Hawkins,* 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). Instead, habeas jurisdiction in criminal proceedings rests with the Court of Criminal Appeals, the district courts, and the county courts. TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015); *Ex parte Hawkins,* 885 S.W.2d at 588. Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Ex parte Alexander,* 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

Accordingly, we dismiss Campa's application for writ of habeas corpus for want of jurisdiction.

Per Curiam

Do not publish.