

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00081-CR

———————————————

RAYMOND JOBE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. CT00043

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Raymond Jobe appeals from the trial court's contempt order as well as prior trial court orders that were subsumed into the contempt order. After receiving Jobe's notice of appeal, we notified him of our concern that we lacked jurisdiction because an order of contempt is not appealable. *See Ex parte Gray,* 649 S.W.2d 640, 642 (Tex. Crim. App. 1983); *Ex parte Ramsey,* 642 S.W.2d 483, 484 n.1 (Tex. Crim. App. 1982) (stating that "[t]here is no right of appeal from an order of contempt" and that a party may instead seek habeas corpus relief); *In re Warrick,* No. 08-13-00255-CR, 2014 WL 2466105, at *8 (Tex. App.—El Paso May 30, 2014, orig. proceeding) (not designated for publication) ("Contempt orders may be reviewed by an application for writ of habeas corpus, if the contemnor has been confined, or by a petition for writ of mandamus, if the contemnor has not been confined"); *cf. Randolph v. Randolph,* No. 14-23-00747-CV, 2024 WL 5132246, at *2 (Tex. App.—Houston [14th Dist.] Dec. 17, 2024, no pet.) (mem. op.). We cautioned Jobe that we could dismiss the appeal unless he or another party filed with the court a response showing grounds for continuing the appeal. We have not received a response.

An appeal is not the proper vehicle for challenging a contempt order.[1] *See Gray,* 649 S.W.2d at 642; *cf. In re Long,* 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding)

---

[1]The trial court states in the contempt order that imposition of the order would be stayed "in order to provide [Jobe] the opportunity to appeal" the order. However,

2

(op. on reh'g). Because we have no jurisdiction over Jobe's appeal, we dismiss it for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Gray*, 649 S.W.2d at 642; *Cooper v. State*, Nos. 01-06-00193-CR, 01-06-00194-CR, 2007 WL 4465528, at *4–5 (Tex. App.—Houston [1st Dist.] Dec. 20, 2007, no pet.) (mem. op., not designated for publication); *cf. Bayne v. State*, No. 02-13-00083-CV, 2013 WL 3771343, at *1 (Tex. App.—Fort Worth July 18, 2013, no pet.) (per curiam) (mem. op.).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 1, 2025

---

the order further states that the stay would continue "until such appellate review, *whether by writ of habeas corpus or writ of mandamus*, is exhausted." [Emphasis added.] Thus, the contempt order recognized that an appeal was not the vehicle through which any challenge to the order should be made.

Jobe's notice of appeal does not meet the requirements for an original petition for extraordinary relief, *see* Tex. R. App. P. 52.1, 52.3, and he has not asked us to construe his notice of appeal as such a petition.