**Billy M. AKIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43932.**

Court of Criminal Appeals of Texas.

March 17, 1971.

der to permit proceedings in the trial court under the provisions of Art. 40.09, Vernon's Ann.C.C.P., as if the appeal had not been filed in this Court, which must include appointment of counsel to appeal this cause in the appellant's behalf. Williams v. State, Tex.Cr.App., 458 S.W.2d 932.

The appeal is abated.

**Marion Alexander CHANEY, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43472.**

Court of Criminal Appeals of Texas.

March 17, 1971.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

The offense is theft of property of the value of over fifty dollars; the punishment, three (3) years, probated.

Prior to trial, appellant filed a pauper's oath, stating that he was wholly destitute, and the court appointed him counsel. At the time that appellant was placed on probation, he gave notice of appeal to this Court. This record contains no transcription of the court reporter's notes, and no appellate brief has been filed on behalf of the appellant.

The State has recommended that the appeal be abated. It appears that the State's recommendation should be followed in or-