**John Allen HEILIGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44477.**

Court of Criminal Appeals of Texas.

Oct. 13, 1971.

No attorney on appeal, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery by firearms. The punishment was assessed at seven years.

The sentence was pronounced and notice of appeal was given January 16, 1970. The record does not include a written designation specifying matters for inclusion in the record on appeal as provided for in Article 40.09, Section 2, Vernon's Ann.C.C.P. The district clerk certified the record to be true and correct and the court approved the record March 17, 1971. The trial judge ordered the record transmitted to this Court June 30, 1971. There is no showing of indigency in the record.

Article 40.09, Section 7, V.A.C.C.P., as amended, provides, in part:

"Notice of completion of the record shall be made by the clerk by certified mail to the parties or their respective counsel. * * *"

Under this section, counsel has fifteen days after the mailing of the notice of the completion of the record to make objections to the record. The statute also provides that if there are objections to the record, the court may have a hearing and

shall enter such orders as may be appropriate to cause the record to speak the truth.

There is no showing that the clerk mailed notice of the completion of the record to the appellant or his attorney. The record should not have been approved until at least fifteen days after the notice of completion of the record had been given to the appellant or his attorney.

We abate the appeal so that a proper notice of the completion of the record to the appellant or his attorney in compliance with Article 40.09, Section 7, supra, may be complied with and the appellate procedure commenced as though the record had not reached this Court.

It is so ordered.