Lorenzo Ovalie **MARTINEZ**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 46362.**

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

Dell Barber, Colorado City, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant entered a plea of guilty before the court on September 15, 1971, and was adjudged guilty of the felony offense of driving a motor vehicle upon a public highway while intoxicated. The punishment was assessed at two years imprisonment. Imposition of the sentence was suspended and the appellant was placed on probation.

The appellant has filed a motion to abate this appeal, urging that the record has not been properly prepared, as provided by Article 40.09.

Notice of the completion of the record was mailed to the appellant's counsel on November 9, 1972, and the record was filed in this court on November 10, 1972. Article 40.09, § 7, Vernon's Ann.C.C.P., provides that after completion of the record counsel shall have fifteen days to file objections to the record. The appellant was not provided this opportunity to object to the record, if he had any objections.

The record has not been approved by the trial court as provided by Article 40.09, §

7, V.A.C.C.P. The record has not been filed in the trial court as provided by Article 40.09, § 8, V.A.C.C.P.

Article 40.09, § 9, V.A.C.C.P., provides that the defendant shall have thirty days after approval of the record by the court or such additional period of time as the court may in its discretion authorize to file with the clerk of the trial court his appellate brief.

Article 40.09, § 10, V.A.C.C.P., provides that the State shall have thirty days after the defendant files his brief with the clerk of the trial court or such additional period of time as the trial court may in its discretion authorize, to file its brief with the trial court.

This appeal will be abated in order that the entire record may be properly approved and such further proceedings as may be had in the trial court under the provisions of Article 40.09, V.A.C.C.P., as though the same had not been transmitted to this court and filed. See, e. g., McKinney v. State, 477 S.W.2d 295 (Tex.Cr.App.1972) and Edwards v. State, 428 S.W.2d 343 (Tex. Cr.App.1968).

It is so ordered.

Opinion Approved by the Court.