Kenneth Lee McFAIL, Appellant,

v.

The STATE of Texas, Appellee.

No. 54708.

Court of Criminal Appeals of Texas,
Panel No. 1.

June 7, 1978.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from an order revoking probation wherein appellant stands convicted of burglary of a vehicle. Punishment was assessed at three years confinement in the Department of Corrections.

The record as filed in this Court on April 4, 1977, contains a transcription of the court reporter's notes; however, no brief was filed in the trial court in appellant's behalf as is required by Article 40.09, Sec. 9, Vernon's Ann.C.C.P. On April 18, 1977, appellant's retained counsel filed a "motion to abate appeal" in this Court. The motion requests an abatement of the appeal because, although appellant's counsel was notified of the completion of the record in the cause, appellant's attorney was never notified of whether or not the trial court had approved the record in the case. Appellant urges that the failure to notify him of the approval of the record fails to comply with Article 40.09 of the Code of Criminal Procedure.

On June 27, 1977, the State responded to appellant's motion to abate the appeal which had not been provided the State but had merely been filed with this Court. The State urges that Article 40.09, Sec. 7, Vernon's Ann.C.C.P., requires that notice of the completion of the record shall be made by the clerk by certified mail to the parties or their respective counsel, but nowhere does Article 40.09, supra, state that appellant is to be given notice by the trial court that the record has been approved. We agree.

The record clearly reflects that notice of completion of the record in this cause was

mailed by certified mail to appellant's counsel on January 27, 1976. No objections to the record were filed by either party, and the record was approved on February 17, 1977. The question before us, therefore, is whether Article 40.09, supra, requires that appellant be given notice of approval of the record by the trial court, in addition to notification of completion of the record in the cause.

Article 40.09, Sec. 7, Vernon's Ann.C.C.P., as amended, provides in part:

"Notice of completion of the record shall be made by the clerk by certified mail to the parties or their respective counsel. . . . "

Under this section, counsel has 15 days after the mailing of the notice of the completion of the record to make objections to the record. The statute also provides that if there are objections to the record, or if the court fails to approve the record within five days after the expiration of the 15-day period, the court shall set the matter down for hearing, and shall enter such orders as may be appropriate to cause the record to speak the truth. See *Heiliger v. State,* 471 S.W.2d 411 (Tex.Cr.App.1971). We are presented neither with the situation where notice of completion of the record was not mailed to appellant or his attorney nor a situation where proper approval of the record by the trial court was not made. Cf. *Gomez v. State,* 471 S.W.2d 393 (Tex.Cr. App.1971); *Heiliger v. State,* supra. Neither are we presented with the situation where appellant's counsel was not provided sufficient time in which to file objections to the record. See *Martinez v. State,* 488 S.W.2d 77 (Tex.Cr.App.1972). As previously outlined, notice of completion was properly mailed on January 27, 1976, and the record was approved after the expiration of 15 days after the mailing of such notice as required by the statute.

■ Article 40.09, Sec. 9, Vernon's Ann. C.C.P., provides that the defendant shall have 30 days after *approval of the record* by the trial court in order to file a brief. Any extensions of time for meeting the limits prescribed in Sec. 9 may be granted only by the Court of Criminal Appeals or a judge of the Court for good cause shown on timely application to the Court of Criminal Appeals. See Sec. 16, Art. 40.09, Vernon's Ann.C.C.P.

In the instant case, appellant has failed to file a brief. It appears to be appellant's complaint that since he was not notified of the approval of the record, it was impossible to file a brief in a timely fashion. We disagree. The procedure requested by appellant is not mandated by the Code of Criminal Procedure, and the procedure outlined in Sec. 7 provides appellant and the State with notice that the record is complete and imposes a burden on both parties to review the record in order to determine whether any objection to the record is necessary in order that the record might speak the truth. In this case, appellant failed to offer any objections to the record upon notification by the clerk. Appellant, therefore, should have been aware that the record would be approved within the time period allowed by the statute unless objection to the record was made or a hearing was set by the trial court in order to cause the record to speak the truth.

Appellant must be notified of notice of completion of the record, but the only requirement mandated by statute upon approval of the record by the trial court is that the record shall be filed with the clerk of the trial court. See Sec. 8, Art. 40.09, Vernon's Ann.C.C.P.

While it may be a better practice for the court or clerk to inform appellant or his counsel upon approval of the record, as is commonly done in many counties throughout the State, we conclude that the failure of the court or the clerk to so notify appellant's counsel in this case is not error.

■ No question of indigency is raised. We have examined the record and find nothing contained therein which should be considered as unassigned error in the interest of justice under Article 40.09, Sec. 13, Vernon's Ann.C.C.P. Nothing is presented for review. Appellant's motion to abate the appeal is denied.

The judgment is affirmed.