Cleveland HICKS, Jr., Relator,

v.

The Honorable Jimmie DUNCAN, Judge of County Criminal Court at Law No. 3, Harris County, Respondent.

No. 01–83–0213–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 15, 1983.

Leta J. Moeller, Houston, for relator.

Calvin Hartmann, Houston, for respondent.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

OPINION

EVANS, Chief Justice.

This is an original proceeding, ancillary to an appeal pending in this Court, whereby relator seeks a writ of mandamus to compel the Honorable Jimmie Duncan, Judge of the County Criminal Court at Law No. 3, to order relator released from confinement in the Harris County Detention Center.

Relator was convicted by a jury of the Class B misdemeanor offense of criminal trespass and sentenced by the court to 180 days confinement in the Harris County jail. The judgment, entered June 23, 1982, reflects that respondent directed that relator receive a credit of 200 days confinement. Relator gave notice of appeal and for that reason the court ordered that "execution of the sentence is deferred to await the judgment and order of [the] Court of Criminal Appeals." On June 25, 1982, the court appointed Ben Durant as counsel for appellant on appeal.

At the time judgment was rendered, relator had served more than the assessed term of imprisonment for this offense. However, relator, an indigent, has remained in custody continuously under a $2,500 appeal bond since June 23, 1982, the day judgment was rendered. Relator was confined continuously before judgment from the day of his arrest, December 4, 1981. His total period of confinement on this charge has been 494 days.

The record in the cause on appeal was filed in this court on October 5, 1982, and appellant's brief was due November 4, 1982. However, no brief was filed on appellant's behalf, and on February 3, 1983, this Court ordered appellant's court-appointed attorney, Ben Durant, to file the appellant's brief on or before March 2, 1983. That day came and passed and no brief was filed. Neither did appellant's court-appointed counsel file any request to extend the time for filing the appellant's brief. On March 21, 1983, this Court ordered the trial court to remove Ben Durant as counsel for the appellant and to appoint another attorney to represent the appellant on the appeal. That action resulted in the trial court judge filing a writ of prohibition asking the Court of Criminal Appeals to prohibit this court's order to the trial court that said Ben Durant be removed and other counsel appointed to represent appellant on appeal. Shortly thereafter, on April 6, 1983, appellant filed a motion with this court to be represented by Leta J. Moeller, as retained counsel, and this court accordingly granted said motion and vacated, as moot, its prior order to the trial court that it remove Ben Durant and appoint new counsel. On April 6, 1983, appellant, represented by his new counsel, Leta J. Moeller, filed a motion for leave to file this writ of mandamus.

The jurisdiction of this court has been invoked pursuant to Art. V, Sec. 6, Tex. Const. (1981), Art. 1823, Tex.Rev.Civ.Stat. Ann. (Vernon 1964) and Art. 4.03, Tex.Code Crim.Pro.Ann. (Vernon 1981).

Art. V, sec. 6 of our Constitution provides that "... Courts of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts," and "such other jurisdiction, original and appellate, as may be prescribed by law." Article 1823, *supra,* authorizes Courts of Appeals to "issue writs of mandamus and all other writs necessary to enforce [their] jurisdiction."

Article 4.03, *supra,* interprets the Constitutional provision as it applies to criminal cases, and states "[t]he Courts of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed."

█ Construing these provisions together, we conclude that we have jurisdiction, ancillary to our jurisdiction over the pending appeal, for the purpose of enforcing and preserving our jurisdiction. See *Ex parte Smith,* 624 S.W.2d 671 (Tex.App.—Beaumont 1981).

The trial court's action in setting a $2,500 bond pending appeal had the effect of incarcerating the appellant until his appeal could be determined, even though appellant had already served more than the full term of his sentence. Because of his indigency, appellant's only means of securing immediate release, during the pendency of the appeal, was to withdraw his notice of appeal. The appellant is faced with the untenable choice of either continuing his appeal and remaining in jail, or withdrawing the appeal and securing his immediate freedom.

The action of the trial court presents a clear challenge to this court's jurisdiction to hear the appeal and to the relator's right to maintain the appeal. This Court will not permit an appellant before it to be coerced into the withdrawal of a perfected appeal, nor will it allow an appellant to be penalized in order that this Court may exercise its jurisdiction over an appeal.

█ A writ of mandamus will issue only to compel the performance of a ministerial duty, where there is a clear duty to act. *Kopeski v. Martin,* 629 S.W.2d 743 (Tex.Cr. App.1982). Art. 43.13, Tex.Code Crim.Pro. Ann. (Vernon 1966) provides that "[a] de-

fendant who has remained in jail the length of time required by the judgment and sentence *shall* be discharged." (emphasis added)

The judgment itself reflects that the trial court had before it, at the time it rendered judgment, the fact that appellant had satisfied the punishment and costs assessed in the cause being appealed. The judgment signed by the trial judge recites on its face that appellant's punishment was assessed at "180 days confinement in jail" and, immediately below such recitation, expressly states that he was given credit for "200 day(s) in jail."

■ Thus, respondent had the clear and unmistakable ministerial duty to order that appellant be discharged from confinement and to set such nominal bond as necessary to perfect the appeal.

Neither the respondent nor the State has filed a response to relator's application for mandamus, although the State's counsel did appear and present the State's position at the hearing on relator's application for mandamus. Neither the respondent nor the State has presented to this court any reasonable explanation why the appellant, an indigent, who has fully satisfied his sentence, was allowed to remain in jail for 314 days beyond the punishment assessed, merely because he appealed and was financially unable to post the required bond. Nor has any explanation been provided to this court as to why appellant's court-appointed counsel apparently took no action to secure his client's release or to file a brief on his behalf. However, the issues posed by these circumstances, however shocking to our sense of justice, must remain for other forums.

This court has been notified by the State and appellant's counsel that, following the hearing on the application for writ of mandamus, but prior to the issuance of this court's order, the trial court modified the appeal bond to a $2,500 personal bond and that the appellant has been released from confinement. Relator has subsequently filed a motion to dismiss his application for writ of mandamus.

The motion to dismiss relator's application is granted, and the proceeding is ordered dismissed.

COHEN, J., concurring.

COHEN, Justice, concurring.

I fully agree with the majority, but must make two observations.

That Cleveland Hicks should have served 494 days on a 180 day sentence is outrageous and unjustifiable. This is not a case where the jailer forgot to release a prisoner at the end of his sentence. This injustice was done intentionally. The majority opinion puts the responsibility squarely where it belongs.

I commend Leta J. Moeller of Houston who has performed a significant public service by representing this indigent appellant and exposing this gross abuse.