Honorable Jimmie **DUNCAN**, Judge, County Criminal Court at Law No. 3 of Harris County, Applicant,

v.

Honorable Frank G. **EVANS**, Chief Justice, Court of Appeals, First Supreme Judicial District of Houston, et al., Respondents.

No. 69113.

Court of Criminal Appeals of Texas, En Banc.

June 29, 1983.

---

Jimmie Duncan, pro se.

Jim Mattox, Atty. Gen. of Tex., David R. Richards, Executive Asst. Atty. Gen. and Mary F. Keller, Asst. Atty. Gen., Austin, for respondents.

Robert Huttash, State's Atty., Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This original application for writ of prohibition arises from an "Order to Stay Proceedings" of the First Court of Appeals directing the judge of the County Criminal Court at Law No. 3 of Harris County to remove a court-appointed attorney in a case pending before the appeals court, and appoint another attorney. Applicant Duncan, Judge of the affected county court, contends that he has no jurisdiction to take the action ordered by respondents.

Although it has been made to appear in another cause number before this Court that the respondent court has vacated its order, such is not reflected by the record herein. Absent such affirmative showing, we should not presume mootness. Compare *Garza v. State,* 622 S.W.2d 85 (Tex.Cr.App. 1981).

The issue presented in this case is akin to others which have arisen recently in the various courts of appeals. See *Ex parte Gray,* 649 S.W.2d 640 (Tex.Cr.App.1983); and *In re Ganne,* 643 S.W.2d 195 (Tex.App. —Austin, 1982). Distilled into the formulation of an issue which we must address is this: What authority is available to the courts of appeals to enforce the responsibility of appointed appellate counsel for an indigent appellant to insure the filing of an appellate brief?

In *Picard v. State,* 631 S.W.2d 761 (Tex. App.—Beaumont, 1981), the Court of Appeals stated:

"Having accepted the responsibility and duty delegated to this Court, we will make use of such tools for the enforcement of the responsibility as are available to us." *Picard v. State,* supra, at page 764.

Because of the confusion which exists as to what "tools" are available, it is a concommitant responsibility of the Court to delineate those "tools" and remove, if possible, any confusion which may have occurred due to our own pronouncements.

Initially, we must address the holdings of *Guillory v. State,* 557 S.W.2d 118, 119 (Tex. Cr.App.1977), and their applicability to the instant issue. In promulgating its order herein, the respondent court relied on *Guillory* in ordering applicant to remove the recalcitrant attorney and appoint substitute counsel. However, *Guillory* must be read within the context of the appellant procedures existent at the time of its rendition. In fact, the Court in *Picard v. State,* supra, noted that it may not have at its disposal *all* of the remedies available to a trial judge as outlined in *Guillory. Picard v. State,* supra, at page 764, footnote 5.

Because of the jurisdictional hurdle imposed by Article 44.11, V.A.C.C.P., when the appellate record is filed in the Court of Appeals, the trial court is without authority to act further except as to bond pursuant to Article 44.04, V.A.C.C.P. The effect of the respondent court's "Order to Stay Proceedings" was to retain the case in the Court of Appeals, yet order the applicant to do an act he had no authority to do. Thus, the option of *Guillory* that "the court may relieve the attorney and appoint a substitute attorney" is unavailable to the Courts of Appeals.

Likewise, the argument that Article 44.-37, V.A.C.C.P., allowing the appellate courts

to "make such orders as the law and nature of the case may require," authorizes such action must fail. This grant of authority to the appellate courts does not reinvest jurisdiction in the trial court.

In lieu thereof, the Court of Appeals may in a case such as this, where the right of an indigent defendant to the effective assistance of counsel on appeal is in issue, abate the appeal and instruct the trial court to assure the protection of that right. By abating the appeal, jurisdiction may be properly returned to the trial court, and the trial court will have available to it all of the options delineated in *Guillory.* "After receipt of the appellate court's mandate of abatement, the trial court still has control over the case until the supplemental record again reaches the appellate court." 26 Tex. Jur., Criminal Law, Section 4195, page 533. See the following cases in which we said the abatement should be treated as if no appeal had been filed in the appellate court: *Sanchez v. State,* 458 S.W.2d 815 (Tex.Cr.App. 1970); *Williams v. State,* 458 S.W.2d 932 (Tex.Cr.App.1970); *Weeks v. State,* 459 S.W.2d 639 (Tex.Cr.App.1970); *Akin v. State,* 464 S.W.2d 652, 653 (Tex.Cr.App. 1971); *Heiliger v. State,* 471 S.W.2d 411 (Tex.Cr.App.1971); *McKinney v. State,* 477 S.W.2d 295 (Tex.Cr.App.1972); *Jordan v. State,* 479 S.W.2d 667 (Tex.Cr.App.1972); *Martinez v. State,* 488 S.W.2d 77 (Tex.Cr. App.1972); *Lessing v. State,* 509 S.W.2d 356 (Tex.Cr.App.1974).

Absent such procedure, the Courts of Appeals have available the power of contempt pursuant to Article 1911a, V.A.C.S. See, *In re Ganne,* supra; *Ex parte Gray,* supra, and *Alvardo v. State,* 634 S.W.2d 41 (Tex.App.— Beaumont 1982).

Accordingly, we find that respondent court was not authorized to enter the order complained of and that applicant is entitled to the relief sought. We are confident that respondent court will vacate its order. The writ will issue should compliance with this opinion not be forthcoming.

TOM G. DAVIS, J., dissents.

CLINTON, J., joins the opinion of the Court except for the second paragraph thereof.

ONION, Presiding Judge, dissenting.

This is an application for writ of prohibition seeking to invoke the original jurisdiction of this court. Article V, § 5, Texas Constitution, as amended 1977. The applicant seeks the writ to prohibit respondents from enforcing an "Order to Stay Proceedings" directing the applicant as judge of the trial court to remove a court-appointed counsel in a case pending before the Court of Appeals, and to appoint another attorney. Applicant contends the county court of which he is the duly elected judge has no jurisdiction to take the action ordered by respondents. The order of the respondents is attached to the application for writ of prohibition. It is an unsigned and uncertified copy.

It appears Cleveland Hicks was convicted by a jury of criminal trespass, a Class B misdemeanor, in County Criminal Court at Law No. 3, and his punishment was assessed at 180 days' confinement in the Harris County jail. Notice of appeal was given and Ben Durant was appointed by applicant as counsel on appeal for Hicks. The appellate record was filed in the Court of Appeals. Hicks' brief was due November 4, 1983. When no brief was filed by February 3, 1983, the appellate court ordered Durant to file a brief by March 2, 1983. Since no brief was then filed, the respondent Evans on March 21, 1983, supposedly entered an order staying proceedings in the Court of Appeals and directing the applicant trial judge to remove Durant as counsel and to appoint another attorney. On March 30, 1983, the applicant filed his writ of prohibition application in this court.

Respondents, represented by the Attorney General of Texas, have answered, questioning the use of the writ of prohibition since the act complained of has already been performed, and calling attention to the fact that on April 6, 1983 Hicks filed a motion with the Court of Appeals requesting to be represented by Leta A. Moeller, who volunteered to be counsel on appeal.

The Court of Appeals (respondents) granted Hicks' motion and vacated its earlier order of March 21st directing the trial court (applicant) to remove appointed counsel and appoint other counsel.

Further in *Hicks v. Duncan,* 651 S.W.2d 871 (Tex.App. Houston 1983), the Court of Appeals stated in its opinion involving an application for writ of mandamus:

" . . . [O]n April 6, 1983, appellant filed a motion with this court to be represented by Leta J. Moeller, as retained counsel, and this court accordingly granted said motion and vacated, as moot, its prior order to the trial court that it remove Ben Durant and appoint new counsel."

The action of the Court of Appeals granting the writ of mandamus is now pending review on petition for discretionary review in our Cause No. 407-83. The record in said cause is now before this court.

First, it is questionable that prohibition is the appropriate remedy.

In *LeBlanc v. Gist,* 603 S.W.2d 841, 843 (Tex.Cr.App.1980), this court wrote:

"A writ of prohibition is that process by which a superior court prevents inferior courts, tribunals, officers, or persons from usurping or exercising jurisdiction with which they have not been vested. *State ex rel. Vance v. Clawson,* 465 S.W.2d 164 (Tex.Cr.App.1971), cert. den. 404 U.S. 910, 92 S.Ct. 226, 30 L.Ed.2d 182; 73 C.J.S., Prohibition § 1, p. 9. The writ of prohibition issues to prevent the commission of a future act and not to undo, nullify, or review an act already performed. It will not be granted when the act sought to be prevented is already accomplished but will be when such act is not a full, complete and accomplished act. *State ex rel. Vance v. Clawson,* supra; *State ex rel. Smith v. Blackwell,* 500 S.W.2d 97 (Tex.Cr.App.1973); 73 C.J.S. Prohibition § 10c, p. 30."

Aside from the question of the appropriateness of prohibition as a remedy, the order involved has been vacated and the question presented is moot. There is not presently a justiciable controversy. Normally when the question becomes moot the case is dismissed. See *Ex parte Sanchez,* 145 Tex. Cr.R. 48, 165 S.W.2d 743 (Tex.Cr.App.1942); *Ex parte Marks,* 144 Tex.Cr.R. 561, 165 S.W.2d 184 (Tex.Cr.App.1942); *Ex parte Spivey,* 144 Tex.Cr.R. 578, 165 S.W.2d 111 (Tex.Cr.App.1942); *Ex parte Strawn,* 146 Tex.Cr.R. 377, 175 S.W.2d 417 (Tex.Cr.App. 1943). As a general rule, neither this court nor the Supreme Court of Texas write advisory opinions. *Donahoo v. State,* 162 Tex. Cr.R. 388, 285 S.W.2d 952 (Tex.Cr.App. 1955); *State v. Parr,* 293 S.W.2d 62 (Tex.Cr. App.1956); *Ex parte Usener,* 391 S.W.2d 735 (Tex.Cr.App.1965); *Ex parte Conner,* 439 S.W.2d 350 (Tex.Cr.App.1969), and cases there cited. *Firemen's Insurance Company of Newark v. Burch,* 442 S.W.2d 331 (Tex. Sup.Ct.1968). See also *In re Ivey,* 534 S.W.2d 163 (Tex.Civ.App.—Austin 1976); *Winely v. State,* 556 S.W.2d 637 (Tex.Civ. App.—Austin 1977).

The majority, not totally unaware of the mootness involved, states that although in another case pending before this court it is revealed that the respondents have vacated the very order and directions to the applicant here complained of, that mootness cannot be presumed because this court cannot look to the other record and consider anything therein although it is clearly aware of the same. The reader is asked to compare *Garza v. State,* 622 S.W.2d 85 (Tex.Cr.App. 1980).

*Garza* was an unfortunate decision by the then majority of this court. There two defendants, separately indicted, were jointly tried by order of the trial court. On original submission Garza's conviction was reversed by a panel because the court erred in failing to grant his motion to quash the indictment. Co-defendant Ferguson's conviction was reversed for the same reason. On rehearing, en banc, the majority affirmed the conviction because Garza made no motion to quash as reflected by the record in his cause and the majority would not look to Ferguson's record.

Joint trials are now common, and when two or more appellants appeal, the records

arrive in the appellate court, sometimes together, sometimes not. Frequently there is only one statement of facts from the joint trial and in the record without a statement of facts reference is made to the case with the statement of facts. This court has had no difficulty in using the same statement of facts in disposing of both appeals including challenges to the sufficiency of the evidence.

In *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App.1973), the majority held that in probation revocation hearings the trial judge could, over objection, take "judicial notice" of testimony in a prior trial conducted before him for the purpose of supporting the allegations of the revocation motion. This, of course, is not judicial notice by any stretch of the imagination, but is a judicially conceived notion transformed into fiat by written opinion. *Bradley v. State*, 608 S.W.2d 652, 662 (Tex.Cr.App. 1980) (Dissenting Opinion, Clinton, J.).

Frequently these appeals from revocation orders arrive in the appellate court without the testimony of which "judicial notice" was taken, and there is no way to assay the contentions raised on appeal. It is obvious in *Barrientez* and *Green v. State*, 528 S.W.2d 617 (Tex.Cr.App.1975), and others of the *Barrientez* ilk, the majority have searched through this court's appellate records of trials resulting in convictions which were independently appealed to this court to see if there was testimony there to support the revocation of probation where the testimony "judicially noticed" was not in the appellate record of the appeal from the order revoking probation. These opinions are silent as to this action, but this is exactly what occurred. See *Bradley v. State*, 608 S.W.2d 652, 657 (Tex.Cr.App.1980) (Dissenting Opinion, Onion, P.J.).

Earlier in the first *Bradley* case, *Bradley v. State*, 564 S.W.2d 727 (Tex.Cr.App.1978), the testimony of the case previously tried of which "judicial notice" was taken was not in the record on appeal from the revocation and there was no other appellate record to turn to as the previous trial had resulted in a mistrial. The majority of this court abated the appeal for the purpose of having the State put into the record the testimony "judicially noticed." See also *Bradley v. State*, 608 S.W.2d 652 (Tex.Cr.App.1980).

It is laughable then to see the present majority say that while another record shows the order in question in the instant case has been vacated, that record can't be considered, and mootness will not be assumed, or fail to take any action to seek clarification from the parties whether the order has in fact been vacated.

The majority undoubtedly is bent on telling the Courts of Appeals they are misinterpreting *Guillory v. State*, 557 S.W.2d 118 (Tex.Cr.App.1977), and so obsessed with the need to lecture the majority is going to write regardless of whether the question before the court is moot or whether the opinion will be advisory only, or even whether prohibition properly lies as a remedy.

In *State v. Parr*, supra, this court wrote:
"The purpose to be accomplished, however laudable and of what interest to the public, cannot furnish a substitute for legal authority or jurisdiction of the Court over the proceeding."

I can think of one authority which might support the majority's position:
" 'When I use a word,' Humpty Dumpty said in rather a scornful tone, 'it means just what I choose it to mean, neither more or less.' 'The question is,' said Alice, 'whether you can make words mean so many different things.' 'The question is,' said Humpty Dumpty, 'which is to be master, that's all.' " Carroll, "Through the Looking Glass" (Alice in Wonderland), Chpt. 6.

I dissent.

W.C. DAVIS, J., joins this opinion.