NO. 07-01-0441-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 31, 2002



______________________________




JUAN MORENO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14036-0104; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1) 

ABATEMENT AND REMAND


 Upon a plea of not guilty, appellant Juan Moreno was convicted by a jury of
endangering a child and punishment was assessed at 270 days confinement in a state jail
facility. In presenting this appeal, counsel has filed an Anders (2) brief in support of a motion
to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted
and the appeal is abated and the cause remanded to the trial court for further proceedings.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without
merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel
has discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant did not file a pro se brief and the State did not
favor us with a brief. 

 In the early morning hours of April 7, 2001, a police officer observed appellant and
his common law wife step in front of a vehicle and proceeded to check on them. The
officer noticed a strong odor of alcohol and, after conducting field sobriety tests, concluded
they were intoxicated. Both were arrested and upon being placed in the patrol car,
appellant expressed concern for his four children who were home alone. The oldest child,
a 12 year old son, had been left in charge of the remaining three, ages ten, eight, and ten
months old, while the parents went to a nearby convenience store for food. After the
parents were arrested, two other officers took an uncle of the children to the home to get
them. Upon arriving the children were found sleeping and unharmed. After getting
dressed they left with their uncle. 

 Counsel advances one arguable ground, to-wit: the legal and factual sufficiency of
the evidence to support appellant's conviction, then concludes that the overwhelming
weight of the evidence does not require reversal. We are required to make an independent
examination of the entire record to determine whether there are any arguable grounds that
might support the appeal. Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). A legal and factual
sufficiency challenge first requires a determination of whether the evidence is legally
sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). 
It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is
shown beyond a reasonable doubt that the defendant committed each element of the
alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon
Supp. 2003); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). A legal sufficiency review
requires the evidence to be viewed in the light most favorable to the prosecution to
determine whether any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App.
1991), overruled on other grounds, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App.
2000). 

 After a legal sufficiency review under Jackson, a factual sufficiency review requires
a determination of whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Clewis, 922 S.W.2d at 133; see also
Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual
sufficiency formulation), and King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). 

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove. A
person commits the offense of endangering a child if he intentionally, knowingly, recklessly,
or with criminal negligence, by act or omission, engages in conduct that places a child
younger than 15 years of age in imminent danger of death, bodily injury, or physical
impairment. Tex. Pen. Code Ann. § 22.041 (Vernon Supp. 2003). Imminent means "ready
to take place, near at hand, impending, hanging threateningly over one's head, menacingly
near." Devine v. State, 786 S.W.2d 268, 270 (Tex.Cr.App. 1989); see also Millslagle v.
State, 81 S.W.3d 895, 898 (Tex.App.-Austin 2002, pet. ref'd). It is not sufficient that the
accused placed the child in a potentially dangerous situation. Millslagle, 81 S.W.3d at 898;
see also Broussard v. State, 827 S.W.2d 619, 622 (Tex.App.-Corpus Christi 1992, no pet.)
(holding that the possibility of harm is not imminent risk in an involuntary commitment
case).

 In Millslagle, the defendant father was charged with leaving his three-year old son
unattended in a truck in a parking lot for 45 minutes while he was in the restroom of a
sandwich shop ingesting narcotics. 81 S.W.3d at 896. The evidence showed that the
child, although upset and crying, did not suffer harm from the experience. Id. at 898. The
truck's engine was not running, it was not dark, the windows of the truck were open and
the child was not overheated, and there was no evidence that he was left in a dangerous
area. Id. The Austin Court concluded that although the evidence showed a potentially
dangerous situation, it did not support a finding beyond a reasonable doubt that the child
was in imminent danger of death, bodily injury, or physical or mental impairment. Id.

 Appellant was indicted for leaving his ten month old daughter without adequate
supervision. The police officers testified that when they arrived at appellant's home they
found all four children asleep, the ten month old and another sibling on the bedroom floor
and the two remaining siblings on the living room floor. The evidence is contradictory
regarding whether the children were sleeping on the floor or in their beds. One of the
officers testified that the children were not injured. 

 The children's mother testified that she and appellant left the children under the care
of their 12 year old son while they went to a convenience store to get food. The 12 year
old also testified that he could adequately care for his baby sister and knew what to do in
case of an emergency. Although cross-examined by the State regarding how he would
have reacted had there been a fire, he explained that he had an exit plan. He further
testified that he had learned CPR in school. The uncle who picked up the children the
night they were found alone did not testify. Based on the foregoing evidence, we cannot
conclude that this appeal is frivolous. 

 Having found an arguable ground for appeal, this Court must ensure appellant's
right to counsel by permitting appellant's present counsel to withdraw and requiring the
appointment of new counsel to rebrief whether the evidence is legally and factually
sufficient to establish that appellant acted with criminal negligence by engaging in conduct
that placed his ten month old daughter in imminent danger of death, bodily injury, or
physical or mental impairment. (Emphasis added). Counsel is also directed to raise any
other grounds he believes might support the appeal. Stafford v. State, 813 S.W.2d 503,
510 (Tex.Cr.App. 1991).

 To secure the appointment of new counsel, we now abate the appeal and remand
the cause to the trial court. Duncan v. Evans, 653 S.W.2d 38, 40 (Tex.Cr.App. 1983). 
Upon remand, the trial court shall appoint new counsel to brief the ground we deem
arguable, as well as any other grounds that might support the appeal. The trial court shall
direct counsel to file appellant's brief within 30 days after his appointment and shall furnish
the name, address, telephone number, and state bar number of new counsel to the Clerk
of this Court immediately after the appointment is ordered. Finally, the trial court shall
execute findings of fact, conclusions of law, and such orders as it deems necessary and
cause its findings to be included in a supplemental clerk's record. A supplemental
reporter's record of the hearing shall also be included in the appellate record. Finally, the
trial court shall file the supplemental records with the Clerk of this Court by Friday,
February 14, 2003. 

 Accordingly, counsel's motion to withdraw is hereby granted and the appeal is
abated and the cause remanded to the trial court for further proceedings.


 Per Curiam



Do not publish.


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).


e playing games
with appellant, his friend Chuck Snow, and some of the other children. The games were
from books entitled Vampires of the Masquerade and Werewolf Player's Guide. They
involved raping and killing, although those particular acts were not played out. A book
about sexual intercourse referred to as the book of jam, was also used in the games. 
Appellant or Chuck would act as game master and the children were assigned roles. 
K.L.C.'s character, which she selected from one of the books, was a nude woman depicted
in a sexually explicit pose. 

 Acker testified that K.L.C. confided in her that during the games, appellant would
pretend to be "jamming" her while banging her head up and down on a table. She also
testified that K.L.C. told her appellant touched her breasts and nipples with his thumbs in
a circular motion, in addition to digital penetration of her vagina.

 Robert, Anita's son, testified similarly to the role playing games. He further testified
he had observed K.L.C. and appellant laying on the couch under a blanket and had once
seen them together in the master bedroom, arousing his suspicion about the nature of their
relationship. When confronted about the suspicions, appellant reacted by pinning Robert 
against the refrigerator and choking him.

 Appellant testified in his defense and denied any inappropriate conduct with K.L.C. 
According to the defense, K.L.C. was a troubled and disturbed girl who fabricated the
abuse allegations. Appellant claimed that when K.L.C. first came into his life she was
disheveled, unkempt, dirty, and a poor student, but had flourished while living with him. He
did admit his participation with K.L.C. and the children in the vampire and werewolf games
and also acknowledged that the book of jam was about sexual intercourse. He did not
believe the games to be inappropriate. 

 Both sides presented medical evidence in support of their respective views. The
State presented evidence from Michele Gorday, a sexual assault nurse who examined
K.L.C. on June 30, 2000. According to the results of the exam, K.L.C. had a three
centimeter anterior adhesion on her labial minora, which was uncommon in a 12 year old
girl and could have been caused by external force. No other signs of sexual trauma were
detected.

 Doctor Robert J. Phillips and a pediatric nurse practitioner testified for the defense. 
Doctor Phillips reviewed the results of K.L.C.'s exam and concluded the labial adhesion
was not consistent with sexual trauma and offered other explanations. The nurse, who had
examined K.L.C. during a well child visit on March 15, 2000, testified she did not notice a
labial adhesion, but admitted she might have missed it.

 Evidence is not rendered insufficient when conflicting evidence is presented. 
Matchett v. State, 941 S.W.2d 922, 936 (Tex.Cr.App. 1996) (en banc). K.L.C.'s testimony
alone is sufficient to support appellant's conviction for sexual assault. The jury could infer 
appellant's intent to gratify his sexual desire from his conduct in attacking Robert when
confronted, the sexually explicit role playing games, and the surrounding circumstances. 
We conclude, after a neutral review of all the evidence, the jury was rationally justified in
finding appellant guilty on all counts beyond a reasonable doubt. Issue two is overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Except for particular dates, appellant does not challenge the sufficiency of the
evidence to support Counts I, III, IV, and V of the indictment. 
3. In his factual sufficiency complaint, appellant references evidence presented by the
State of extraneous conduct that prejudiced the jury. However, appellant does not present
an issue alleging abuse by the trial court in admission of extraneous conduct. See Tex.
R. App. P. 38.1(e) & (h).