NO. 07-01-0441-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 31, 2002

_____

JUAN MORENO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14036-0104; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.*

**ABATEMENT AND REMAND**

Upon a plea of not guilty, appellant Juan Moreno was convicted by a jury of endangering a child and punishment was assessed at 270 days confinement in a state jail

_____

*John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

facility.  In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw.  Based upon the rationale expressed herein, the motion to withdraw is granted and the appeal is abated and the cause remanded to the trial court for further proceedings.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so.  Appellant did not file a *pro se* brief and the State did not favor us with a brief.

In the early morning hours of April 7, 2001, a police officer observed appellant and his common law wife step in front of a vehicle and proceeded to check on them.  The officer noticed a strong odor of alcohol and, after conducting field sobriety tests, concluded they were intoxicated.  Both were arrested and upon being placed in the patrol car, appellant expressed concern for his four children who were home alone.  The oldest child,

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

a 12 year old son, had been left in charge of the remaining three, ages ten, eight, and ten months old, while the parents went to a nearby convenience store for food. After the parents were arrested, two other officers took an uncle of the children to the home to get them. Upon arriving the children were found sleeping and unharmed. After getting dressed they left with their uncle.

Counsel advances one arguable ground, to-wit: the legal and factual sufficiency of the evidence to support appellant's conviction, then concludes that the overwhelming weight of the evidence does not require reversal. We are required to make an independent examination of the entire record to determine whether there are any arguable grounds that might support the appeal. Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). A legal and factual sufficiency challenge first requires a determination of whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2003); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). A legal sufficiency review requires the evidence to be viewed in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App.

1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).

After a legal sufficiency review under *Jackson*, a factual sufficiency review requires a determination of whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Clewis*, 922 S.W.2d at 133; *see also* Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation), and King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. A person commits the offense of endangering a child if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years of age in imminent danger of death, bodily injury, or physical impairment. Tex. Pen. Code Ann. § 22.041 (Vernon Supp. 2003). Imminent means "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." Devine v. State, 786 S.W.2d 268, 270 (Tex.Cr.App. 1989); *see also* Millslagle v. State, 81 S.W.3d 895, 898 (Tex.App.–Austin 2002, pet. ref'd). It is not sufficient that the accused placed the child in a potentially dangerous situation. *Millslagle*, 81 S.W.3d at 898; *see also* Broussard v. State, 827 S.W.2d 619, 622 (Tex.App.–Corpus Christi 1992, no pet.)

4

(holding that the possibility of harm is not imminent risk in an involuntary commitment case).

In *Millslagle*, the defendant father was charged with leaving his three-year old son unattended in a truck in a parking lot for 45 minutes while he was in the restroom of a sandwich shop ingesting narcotics. 81 S.W.3d at 896. The evidence showed that the child, although upset and crying, did not suffer harm from the experience. *Id.* at 898. The truck's engine was not running, it was not dark, the windows of the truck were open and the child was not overheated, and there was no evidence that he was left in a dangerous area. *Id.* The Austin Court concluded that although the evidence showed a potentially dangerous situation, it did not support a finding beyond a reasonable doubt that the child was in imminent danger of death, bodily injury, or physical or mental impairment. *Id.*

Appellant was indicted for leaving his ten month old daughter without adequate supervision. The police officers testified that when they arrived at appellant's home they found all four children asleep, the ten month old and another sibling on the bedroom floor and the two remaining siblings on the living room floor. The evidence is contradictory regarding whether the children were sleeping on the floor or in their beds. One of the officers testified that the children were not injured.

The children's mother testified that she and appellant left the children under the care of their 12 year old son while they went to a convenience store to get food. The 12 year old also testified that he could adequately care for his baby sister and knew what to do in

case of an emergency. Although cross-examined by the State regarding how he would have reacted had there been a fire, he explained that he had an exit plan. He further testified that he had learned CPR in school. The uncle who picked up the children the night they were found alone did not testify. Based on the foregoing evidence, we cannot conclude that this appeal is frivolous.

Having found an arguable ground for appeal, this Court must ensure appellant's right to counsel by permitting appellant's present counsel to withdraw and requiring the appointment of new counsel to rebrief whether the evidence is legally and factually sufficient to establish that appellant acted with criminal negligence by engaging in conduct that placed his ten month old daughter in *imminent* danger of death, bodily injury, or physical or mental impairment. (Emphasis added). Counsel is also directed to raise any other grounds he believes might support the appeal. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Cr.App. 1991).

To secure the appointment of new counsel, we now abate the appeal and remand the cause to the trial court. Duncan v. Evans, 653 S.W.2d 38, 40 (Tex.Cr.App. 1983). Upon remand, the trial court shall appoint new counsel to brief the ground we deem arguable, as well as any other grounds that might support the appeal. The trial court shall direct counsel to file appellant's brief within 30 days after his appointment and shall furnish the name, address, telephone number, and state bar number of new counsel to the Clerk of this Court immediately after the appointment is ordered. Finally, the trial court shall

execute findings of fact, conclusions of law, and such orders as it deems necessary and cause its findings to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental records with the Clerk of this Court by Friday, February 14, 2003.

Accordingly, counsel's motion to withdraw is hereby granted and the appeal is abated and the cause remanded to the trial court for further proceedings.

Per Curiam

Do not publish.