NO. 07-02-0406-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 18, 2003

_____

TIMOTHY LEE PHILLIPS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 39,434-B; HONORABLE JOHN BOARD, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**ABATEMENT AND REMAND**

Pursuant to a plea of guilty, appellant Timothy Lee Phillips, Jr. was granted deferred

adjudication in 1999 for burglary of a building, a state jail felony, and placed on community

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

supervision for six years. Upon the State's motion to proceed for numerous violations of the conditions of community supervision, the trial court adjudicated appellant guilty of the original offense and assessed punishment at two years confinement in a state jail facility. In presenting this appeal counsel has filed an *Anders*[2] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the appeal is abated and the cause remanded to the trial court for further proceedings.

In support of her motion to withdraw, counsel has certified that she has diligently reviewed the record and, in her opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, she concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that she sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a *pro se* brief and the State did not favor us with a brief.

---

[2] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

On February 8, 1999, at his guilty plea hearing, the trial court properly admonished appellant on the range of punishment for community supervision for the state jail felony of burglary of a building to be not less than two years nor more than five. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 15(b) (Vernon Supp. 2003); *see also* Tex. Pen. Code Ann. § 30.02(c)(1) (Vernon 2003). However, the order deferring adjudication recites "defendant should be placed on community supervision, and that further proceedings herein shall be suspended for a period of *six (6) years* . . . . (Emphasis added).

On August 9, 2002, the trial court held a hearing on the State's motion to proceed. After accepting appellant's plea of true to some of the State's alleged violations of the conditions of community supervision and hearing evidence of other violations, the trial court adjudicated him guilty of burglary of a building and sentenced him to two years confinement in a state jail facility.

Counsel advances two arguable grounds in the *Anders* brief, to-wit: (1) whether the trial court abused its discretion in accepting appellant's pleas of guilty and true as they were involuntarily given and (2) whether appellant was harmed when the trial court imposed a probationary period for a state jail felony that exceeded the range authorized by article 42.12, section 15(b) of the Texas Code of Criminal Procedure (Vernon Supp. 2003).[3] Counsel then argues that the record reflects appellant's pleas were freely and

---

[3]We note that article 42.12, section 5(b) precludes a challenge to the trial court's determination of guilt; however, an appeal from the assessment of punishment is

voluntarily given.[4]  Counsel also argues that imposition of a probationary period in excess of that authorized by statute did not harm appellant as he only served approximately three and a half years of his term of community supervision before being adjudicated guilty and properly sentenced to two years confinement.  However, in an abundance of caution, we conclude that further evaluation of the unauthorized period of community supervision is necessary before concluding the appeal is frivolous.

Having found an arguable ground for appeal, this Court must ensure appellant's right to counsel by permitting appellant's present counsel to withdraw and requiring the appointment of new counsel to rebrief whether imposition of a probationary period that exceeds the range authorized by article 42.12, section 15(b) of the Code constitutes error, and if so, whether appellant was harmed by the error.  Counsel is also directed to raise any other grounds he believes might support the appeal.  Stafford v. State, 813 S.W.2d 503, 510 (Tex.Cr.App. 1991).

To secure the appointment of new counsel, we now abate the appeal and remand the cause to the trial court.  Duncan v. Evans, 653 S.W.2d 38, 40 (Tex.Cr.App. 1983).  Upon remand, the trial court shall appoint new counsel to brief the ground we deem arguable, as well as any other grounds that might support the appeal.  The trial court shall

permitted.

[4]Voluntariness of a plea is no longer appealable from plea-bargained felony convictions.  Cooper v. State, 45 S.W.3d 77, 83 (Tex.Cr.App. 2001).

direct counsel to file appellant's brief within 30 days after his appointment and shall furnish the name, address, telephone number, and state bar number of new counsel to the Clerk of this Court immediately after the appointment is ordered.

Accordingly, counsel's motion to withdraw is hereby granted and the appeal is abated and the cause remanded to the trial court for further proceedings.

Per Curiam

Do not publish.