

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00089-CR
_____

JOHN DENNIS CLAYTON ANTHONY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287ᵗʰ District Court
Bailey County, Texas
Trial Court No. 2557; Honorable Gordon H. Green, Presiding

May 2, 2014

## ABATEMENT AND REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, John Dennis Clayton Anthony, seeks to reverse the trial court's decision to revoke his deferred adjudication community supervision and adjudicate him guilty of the offense of aggravated sexual assault.[1]   Appellate counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  For the reasons expressed herein, we

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2013).

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

grant counsel's motion to withdraw and abate and remand this appeal to the trial court for the appointment of new counsel.

The indictment in this case alleges that Appellant intentionally or knowingly caused the penetration of the female sexual organ of the victim, a child who was then and there younger than 14 years of age, with his finger.[3] On January 14, 2009, after being admonished as to the range of punishment for a first degree felony, Appellant entered a plea of guilty. At that time, the trial court accepted the Appellant's plea and placed him on deferred adjudication community supervision for a term of eight years. The *Order of Deferred Adjudication* found the age of the victim, at the time of the offense, to be three years of age. Because the age of the victim was younger than six years at the time the offense was committed, the offense was punishable under subsection (f) of section 22.021. *See* TEX. PENAL CODE ANN. § 22.021(f) (West Supp. 2013).[4]

On February 15, 2013, the State moved to proceed with an adjudication of guilt alleging Appellant had violated the terms and conditions of his deferred adjudication community supervision. At a hearing on the State's motion, Appellant entered pleas of true, and after hearing testimony, the trial court adjudicated him guilty of the original offense and assessed punishment at confinement for life.

---

[3] As indicted, the offense alleged is a first degree felony punishable by imprisonment for a term of life or any term of not more than ninety-nine years or less than five years, and by a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 22.021(e), 12.32 & (West Supp. 2013 and West 2011).

[4] The minimum term of imprisonment for an offense punishable under section 22.021(f) is twenty-five years.

When faced with an *Anders* brief, an appellate court has a duty to conduct a full examination of the underlying proceedings, and if its independent inquiry reveals non-frivolous or arguable issues for appeal, it must abate the proceeding and remand the cause to the trial court for appointment of new counsel to brief those issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

In 2007, the Legislature amended article 42.12 of the Texas Code of Criminal Procedure to provide that deferred adjudication community supervision is not available for defendants charged with certain crimes, including those punishable under section 22.021(f) of the Texas Penal Code.[5] *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.07, 2007 Tex. Gen. Laws 1120, 1123-24 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(d)(3)(B)). The statute took effect on September 1, 2007, and applies to offenses committed after that date. *Id.* at 1148. Because the offense charged in this case is alleged to have been committed on September 11, 2008, it appears section 22.021(f) is applicable. Consequently, this Court has questions concerning whether Appellant was eligible for deferred adjudication community supervision and what impact, if any, his apparent ineligibility for community supervision would have had on the voluntariness of his plea.

Given the underlying facts, we conclude arguable grounds for appeal exist. To secure appointment of new counsel, we grant present counsel's motion to withdraw,

---

[5] *Cf.* TEX. CODE CRIM. PROC. ANN. art 42.12, § 5(a) (providing that, except as provided by subsection (d), a defendant charged with an offense under section 22.021 of the Penal Code may be placed on deferred adjudication community supervision, regardless of the age of the victim, "if the judge makes a finding in open court that placing the defendant on community supervision is in the best interest of the victim"). Not only was no such finding made in this case, section 5(a) expressly states that it is inapplicable where section 5(d) provides otherwise.

and we abate and remand this cause to the trial court. *See Duncan v. Evans*, 653 S.W.2d 38, 40 (Tex. Crim. App. 1983) (abating the appeal and issuing mandate so that jurisdiction may be properly returned to the trial court for appointment of new counsel). Upon remand, the trial court shall appoint new counsel to brief (1) whether Appellant was eligible for deferred adjudication community supervision, (2) whether trial counsel's advice and counsel were effective, (3) whether Appellant's plea was voluntarily given, and (4) any other arguable issues which might support this appeal. The trial court shall appoint new counsel as soon as is practical and furnish the name, address, e-mail address, telephone number, and state bar number of newly appointed counsel to the Clerk of this Court immediately after appointment of counsel is ordered. The trial court shall cause its order appointing counsel to be included in a supplemental clerk's record which shall be filed with the Clerk of this Court on or before June 16, 2014. Appellant's brief will be due thirty days following the appointment of new counsel.

It is so ordered.

Per Curiam

Do not publish.

4