

# Fourth Court of Appeals
## San Antonio, Texas

August 12, 2015

No. 04-15-00422-CR

Carl **RANDLE**, Jr.,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR4661A
Honorable Mary D. Roman, Judge Presiding

## O R D E R

Appellant's appointed appellate counsel, Michael Lee Young, Chief Public Defender, filed a motion to withdraw as counsel. We granted the motion and ordered the appeal abated and remanded to the trial court. *See Duncan v. State*, 653 S.W.2d 38, 40 (Tex. Crim. App. 1983) (holding that appellate courts may abate appeals so that trial court can assure appellant has effective assistance of counsel). We ordered the trial court to conduct a hearing and prepare findings of fact and conclusions of law as to whether appellant is still indigent, and if so, who should be appointed as appellant's new appellate counsel.

In accordance with our order, the trial court held a hearing and thereafter prepared the mandated findings and conclusions. The district clerk filed a supplemental clerk's record containing the trial court's findings of facts and conclusions of law on August 11, 2015.[1] In its findings and conclusion, the trial court determined appellant is still indigent and appointed attorney Phyllis Beal as new appellate counsel for appellant.

Accordingly, we lift the abatement and **ORDER** the appeal reinstated on the docket of this court. At the time of the abatement, the clerk's record had been filed. The clerks' record establishes appellant entered into a plea bargain with the State, pursuant to which he pleaded guilty to the offense of aggravated robbery (repeater).

---

[1] We also ordered the court reporter to prepare a reporter's record from the hearing and file it in this court. The record has not yet been filed.

The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal. As noted above, the clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See id.* R. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The record also appears to support the trial court's certification that ** does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Appellant is hereby given notice that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal is made part of the appellate record by **SEPTEMBER 11, 2015**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (mem. op., not designated for publication).

We **order** all appellate deadlines are suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter responsible for preparing the reporter's record in this appeal.

_Marialyn Barnard_
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of August, 2015.

_Keith E. Hottle_
Keith E. Hottle
Clerk of Court