NO. 07-04-0438-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 16, 2005

_____

BRENT LEE CROCKETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 8792; HONORABLE WILLIAM D. SMITH, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Appellant Brent Lee Crockett appeals his conviction for the felony offense of tampering with physical evidence. We abate and remand this cause to the trial court for appointment of new counsel.

Appellant was charged with tampering with physical evidence by an indictment alleging that, with knowledge that a murder had been committed, he altered, destroyed and

concealed the body of Phyllis Jackson with the intent to impair its availability as evidence in the investigation of the murder. In a prior proceeding, appellant was tried as a party to the murder of Jackson and was acquitted. In the instant case, appellant pled guilty to the indicted offense. The jury accepted appellant's guilty plea and assessed punishment at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000.00. Appellant's appointed trial counsel timely perfected appeal and new counsel was appointed to represent appellant on appeal.

Appellant's counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he concludes there is no reversible error or legitimate grounds for appeal. Counsel has informed appellant by letter of his right to file a pro se brief. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). Counsel also provided appellant a copy of the appellate record from the tampering case. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a brief or other response.

Counsel identifies two potentially arguable grounds for appeal. Both of these grounds, at their core, contend that the trial court erred in overruling appellant's pre-trial motion to suppress[1] the introduction of evidence in the tampering trial that had been introduced during the prior murder trial. Counsel argues that collateral estoppel, which is embodied in the Fifth Amendment guarantee against double jeopardy, *see Ashe v.*

---

[1]This issue actually was presented in a "special plea of double jeopardy."

*Swenson*, 397 U.S. 436, 445-46, 90 S.Ct. 1189, 25, L.Ed.2d 469 (1970), precludes appellant's conviction for tampering when the same evidence was used to attempt to prove that appellant was a party to murder. However, having presented the argument that the grounds raised are meritorious, counsel's *Anders* brief does not analyze why they lack merit. Counsel nonetheless concludes that he can find no viable error to support the appeal. An *Anders* brief in support of a motion to withdraw should demonstrate "why, in effect, there are no arguable grounds to be advanced." *High v. State*, 573 S.W.2d 807, 812 (Tex.Crim.App. 1978); *see Johnson*, 885 S.W.2d at 646.

Further, we are required to make an independent examination of the entire record to determine whether there are any arguable grounds to support the appeal. *Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Determination of whether collateral estoppel precludes a second trial necessarily requires review of the record from the previous proceeding. *Ashe*, 397 U.S. at 445; *Ex parte Taylor*, 101 S.W.3d 434, 442 (Tex.Crim.App. 2002). The trial court ordered preparation of the record from the murder trial at no charge to appellant, but the appellate record does not contain a copy of this record. We are therefore precluded from examining the entire record and cannot determine whether the rule of collateral estoppel presents an arguable ground upon which this appeal might be supported.

To ensure appellant's right to counsel, we grant appellant's present counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court for appointment of new counsel. *See Stafford*, 813 S.W.2d at 511; *Duncan v. Evans*, 653 S.W.2d 38, 40

3

(Tex.Crim.App. 1983). We direct the trial court to appoint new counsel to represent appellant on appeal, including the responsibility to file a brief addressing the grounds present counsel has identified as well as any other grounds that might support the appeal. If, following review of the record, new counsel determines the grounds present counsel has raised have no arguable merit, counsel's brief shall demonstrate, with appropriate citations to the record and to legal authority, why that is so. *See High*, 573 S.W.2d at 812-13. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel to the clerk of this court immediately after the appointment is ordered. Further, we direct that the clerk's and reporter's records from the murder trial be filed with this court within 60 days after the appointment of new counsel. All other appellate deadlines shall be in accord with the Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam

Do not publish.