

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00405-CR

**TYRONE BOWEN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2010-1073-C2**

## MEMORANDUM  OPINION

In this appeal, appellant, Tyrone Bowen, challenges the trial court's denial of his "Request for Recession of Order Withdrawal Funds From Inmate Prisoner's Trust Account."  In particular, Bowen asserts that the amount ordered to be withdrawn from his inmate account is improper because it includes attorney's fees for his court-

appointed lawyer, though he was determined to be indigent. We dismiss this appeal as untimely.[1]

## I. BACKGROUND

On August 18, 2010, Bowen was charged by indictment with felony burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). The indictment contained an enhancement paragraph and a paragraph documenting that Bowen is a habitual felony offender.[2] Prior to trial, Bowen informed the trial court that he is indigent and requested a court-appointed attorney. The trial court determined that Bowen was indigent and appointed him counsel.

Thereafter, Bowen and his court-appointed attorney signed a waiver of appeal as part of a plea bargain with the State regarding the underlying charged offense. In this document, Bowen specifically waived:

> Each and all of my rights to appeal, including the filing [of] a Motion for New Trial, requesting permission to appeal, appealing matters raised by written motion prior to trial, giving Notice of Appeal, appealing the Judgment, Sentence or Order of the Court, and a free record, transcript and attorney on appeal. I make this WAIVER freely, intelligently[,] and voluntarily. I desire to accept the Sentence or Order of the Court, and ask the Court to allow me to WAIVER ALL RIGHTS I HAVE TO APPEAL. I ask the Court to approve this Waiver, which will render the Judgment, Sentence or Order of the Court FINAL in all respects.

(Emphasis in original). Bowen also signed a judicial confession, wherein he pleaded guilty to the charged offense and stipulated that all of the paragraphs contained in the indictment are true.

---

[1] In light of our opinion, all pending motions are dismissed as moot.

[2] Accordingly, the punishment range in this case was enhanced to twenty-five to ninety-nine years or life in prison. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2012).

The trial court accepted Bowen's plea and sentenced him to thirty years' incarceration in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ").[3] The trial court also imposed $1,039 in "court costs," which was handwritten on the judgment.

The record reflects that the trial court signed and entered its judgment on November 23, 2010; however, an uncertified bill of costs with a date of December 1, 2010 was included in the record. The uncertified bill of costs reflected that of the $1,039 in "court costs" assessed, $750 was intended to reimburse the county for the court-appointed attorney's fees Bowen incurred.

On the same day that the judgment was signed, the trial court also signed an order to withdraw funds from Bowen's inmate account pursuant to section 501.014 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 501.014 (West 2012). Specifically, the order stated that $1,039 in "[c]ourt costs, fees and/or fines and/or restitution have been incurred." This order was faxed to the TDCJ on January 21, 2011.

Nearly a year and a half later on August 20, 2012, Bowen filed a "Request for Recession of Order Withdrawal Funds From Inmate Prisoner's Trust Account" in the trial court. In this filing, Bowen complained that the TDCJ was withdrawing too much money from his inmate account. In particular, Bowen asserted that he was not responsible for the reimbursement of court-appointed attorney's fees because he is

---

[3] In its certification of Bowen's right to appeal, the trial court indicated that this is a plea-bargain case; that, as a result of the plea-bargain with the State, Bowen has no right of appeal; and that Bowen waived his right to appeal.

indigent. On August 22, 2012, the trial court considered Bowen's filing and denied it in its entirety.

Subsequently, on September 14, 2012, Bowen filed a "Motion to Modify, Correct, or Rescind," asserting substantially similar arguments as those made in his August 20, 2012 request. Three days later, on September 17, 2012, the trial court heard Bowen's motion and denied it in its entirety. On November 2, 2012, Bowen filed a "Direct Appeal" with this Court.

## II.    CIVIL VS. CRIMINAL[4]

### A.    The Texas Supreme Court's *Harrell* Decision

In *Harrell v. State*, appellant was sent copies of the trial court's withdrawal orders to withdraw $748 from his inmate account to pay for court costs and court-appointed attorney's fees related to earlier proceedings. 286 S.W.3d 315, 317 (Tex. 2009). Appellant moved to rescind the orders on the grounds that he was denied due process—namely, the opportunity to present evidence of his inability to pay the assessed costs. *Id.* The trial court denied appellant's motion, and the court of appeals dismissed his appeal for lack of jurisdiction, noting that there is no statutory mechanism for appealing a withdrawal order. *Id.*

The *Harrell* Court proceeded to analyze whether the issue was civil or criminal in nature. *Id.* at 317-19. This analysis was critical in determining whether the Supreme Court or the Court of Criminal Appeals has jurisdiction over this issue. In concluding

---

[4] The discussion about whether Bowen's appellate complaints are civil or criminal in nature is central to our jurisdictional inquiry. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (en banc) ("A court has jurisdiction to determine whether it has jurisdiction.")

that withdrawal orders are more civil in nature than criminal, the *Harrell* Court noted

that the withdrawal orders at issue were incidental to appellant's criminal conviction

and were a mechanism to enforce the criminal judgment, but they did not arise over

enforcement of a statute governed by the Code of Criminal Procedure. *Id.* at 318. The

court noted that criminal law was not the focus of the action. *Id.* In fact, according to

the *Harrell* court, appellant was not contesting the convicting court's authority to assess

costs but its authority to collect costs pursuant to section 501.014 of the Texas

Government Code.[5]

The *Harrell* Court, in determining that the action was civil in nature, noted that:

Section 501.014 includes costs assessed during criminal matters, but it also authorizes inmate-account withdrawals for costs arising in civil

---

[5] Section 501.014(e) of the Texas Government Code states:

(e) On notification by a court, the department shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under this subsection. The department shall make a payment under this subsection as ordered by the court to either the court or the party specified in the court order. The department is not liable for withdrawing or failing to withdraw money or making payments or failing to make payments under this subsection. The department shall make withdrawals and payments from an inmate's account under this subsection according to the following schedule of priorities:

  (1)  as payment in full for all orders for child support;

  (2)  as payment in full for all orders for restitution;

  (3)  as payment in full for all orders for reimbursement of the Texas Department of Human Services for financial assistance provided for the child's health needs under Chapter 31, Human Resources Code, to a child of the inmate;

  (4)  as payment in full for all orders for court fees and costs;

  (5)  as payment in full for all orders for fines; and

  (6)  as payment in full for any other court order, judgment, or writ.

TEX. GOV'T CODE ANN. § 501.014 (West 2012).

proceedings, including payment of child support, restitution, health care costs, and fines. Even as to court fees and costs, the statute applies not just to criminal cases but to "all orders for court fees and costs." Moreover, the subject matter of this appeal does not concern Harrell's guilt, innocence, or punishment, the chief features of a criminal proceeding. The procedure at issue is substantively akin to a garnishment action or an action to obtain a turnover order. Properly viewed, it is a civil post-judgment collection action that is (1) distinct from the underlying criminal judgments assessing Harrell's conviction, sentence, and court costs, and (2) aimed at seizing funds to satisfy the monetary portion of those judgments. The court is enforcing a money judgment that, while tangentially related to the underlying criminal judgments, is nonetheless removed from them.

*Id.* at 318-19 (footnotes omitted). The *Harrell* Court also noted that prisoners have a property interest in their inmate accounts. *Id.* at 319.

Ultimately, the *Harrell* Court held that:

[A]n inmate is entitled to notice just as happened here (via copy of the order, or other notification, from the trial court) and an opportunity to be heard just as happened here (via motion made by the inmate)—but neither need occur before the funds are withdrawn. Moreover, appellate review should be by appeal, as in analogous civil post-judgment enforcement actions.

In this case, Harrell received notice of the trial court's withdrawal order on the same day TDCJ received copies of the order. The Constitution does not require pre-withdrawal notice of a comprehensive civil garnishment proceeding. Harrell received notice contemporaneously with the withdrawal orders and had his concerns considered by the trial court that issued them. Due process requires nothing more.[6]

*Id.* at 321.

---

[6] In the present case, Bowen has already been determined to be indigent and the record contains no evidence indicating a material change in his financial situation. Thus, Bowen's complaint is dissimilar to Harrell's due-process complaint in that Bowen does not make a due-process argument seeking an additional opportunity to present evidence of his indigence. *See Harrell v. State*, 286 S.W.3d 315, 321 (Tex. 2009).

**B.** **The Texas Court of Criminal Appeals'** *Armstrong* **Decision**

Approximately two years later, the Court of Criminal Appeals addressed a challenge to the district clerk's bill of costs, which included court-appointed attorney's fees despite a determination that appellant was indigent. *Armstrong v. State*, 340 S.W.3d 759, 763-66 (Tex. Crim. App. 2011). Specifically, the appellant in *Armstrong* argued, while relying on the Court's decision in *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010), that there was insufficient evidence to support an order to pay attorney's fees and that the issue was a criminal-law matter. *Id.* at 763-64. In reversing the Amarillo Court of Appeals, the *Armstrong* Court stated that the court of appeals misconstrued appellant's claim as a challenge to the collection of costs, a civil-law matter. *Id.* at 766.

The *Armstrong* Court explained:

A clerk's bill of costs of the criminal conviction is permitted pursuant to Article 103.001 of the Texas Code of Criminal Procedure, and its issuance makes the included costs payable under the same statute. Enforcement of a bill of costs is allowed under Texas Code of Criminal Procedure Article 103.003, et seq. Fees for court-appointed representation are often included in a bill of costs. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

"[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d 552, 556.

. . . .

Appellant contends that there is insufficient evidence to support the attorney fees as set forth in the clerk's bill of costs. Thus, Appellant challenges the assessment of costs mandated by the clerk's bill of costs, which is issued pursuant to Texas Code of Criminal Procedure Article 103.001. And in arguing insufficient evidence, he relies on the critical requirements set forth in Texas Code of Criminal Procedure Article 26.05(g) (i.e., that he does not have the financial resources to offset, in whole or part, the costs of the legal services provided). Because Appellant's claim arises over the enforcement of statutes governed by the Texas Code of Criminal Procedure, the pertinent litigation is a criminal law matter.

*Id.* at 765-66.

Despite this, the *Armstrong* Court recognized that the means of collection of attorney's fees, such as a withdrawal order entered into pursuant to Section 501.014 of the Texas Government Code, is a civil law matter. *Id.* at 766. Ostensibly, the Court of Criminal Appeals concluded that complaints concerning the collection of costs are civil matters, whereas complaints pertaining to the legitimacy of the fees charged by the district clerk are criminal-law matters. *See id.* ("Instead, Appellant contests the assessment of the costs and the sufficiency of the evidence to support the attorney fees mandated by the bill of costs. As discussed previously, his claim arises over the enforcement of statutes governed by the Texas Code of Criminal Procedure, thereby making it a criminal law matter."). The *Armstrong* Court also pointed out that appellant did not contest any withdrawal order issued by the trial court or any collection effort. *Id.*

While a withdrawal order prompted Bowen to challenge the assessment of the court-appointed attorney's fees, the crux of Bowen's complaints regard the sufficiency

of the evidence supporting the imposition of the court-appointed attorney's fees. In fact, like *Armstrong*, Bowen argues that the assessment of court-appointed attorney's fees in this matter violates the *Mayer* decision. *See Mayer*, 390 S.W.3d at 556-57. Similar to *Armstrong*, we construe Bowen's appellate complaint to constitute a challenge to the legitimacy of the fees imposed in the trial court's judgment. *See Armstrong*, 340 S.W.3d at 764. In other words, we find that Bowen's argument focuses not on the collection of the court-appointed attorney's fees, as was the case in *Harrell*, but on the propriety of the trial court's assessment of court-appointed attorney's fees in light of the fact that Bowen had been determined to be indigent. *See id.* Furthermore, it is noteworthy that Bowen's complaint involves several criminal statutes and court decisions. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012); *id.* art. 103.001 (West 2006); *see also Mayer*, 309 S.W.3d at 556-57. Accordingly, we conclude that Bowen's complaint is analogous to that made in *Armstrong*, and as such, we find that this issue constitutes a criminal-law matter. *See id.* at 764-66.

### III. THE TIMELINESS OF BOWEN'S CHALLENGE

On February 6, 2013, we sent Bowen a letter, informing him that this appeal appeared to be untimely. Specifically, we noted that "Bowen appears to challenge the trial court's assessment of court-appointed attorney's fees in the November 23, 2010 judgment" and that his appeal appeared to be untimely. We warned Bowen that this appeal might be dismissed unless, within twenty-one days after the date of the letter, he showed grounds for continuing this appeal.

On February 22, 2013, Bowen responded to our letter. Though citing to criminal case law in his response, Bowen argues that this is a civil matter—an argument that we have rejected above. Bowen does not adequately address this Court's concerns regarding the timeliness of his challenge to the imposition of the court-appointed attorney's fees.[7]

As noted above, it was not until November 2, 2012 that Bowen filed his notice of appeal challenging the propriety of the trial court's assessment of court-appointed attorney's fees despite finding Bowen to be indigent. The initial assessment of the court-appointed attorney's fees occurred when the trial judge signed Bowen's judgment of conviction on November 23, 2010. Thus, we cannot say that Bowen timely filed his notice of appeal in this matter. *See* TEX. R. APP. P. 25.2(b) (stating that an appeal is perfected in a criminal case by the timely filing of a sufficient notice of appeal), 26.1 (noting, among other things, that the notice of appeal must be filed within thirty days after the complained-of judgment or order is signed).

This Court has no jurisdiction over an appeal where the notice of appeal is untimely. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton*

---

[7] In addition, Bowen mentions that the trial court entered a judgment nunc pro tunc on December 12, 2013, which excluded all court-appointed attorney's fees, investigator's fees, and interpreter's fees. Based on this admission, Bowen's dispute in this matter also appears to be moot, as Bowen's chief complaint on appeal has centered on the trial court's assessment of court-appointed attorney's fees. *See Pharris v. State*, 165 S.W.3d 681, 687 (Tex. Crim. App. 2005) ("A case that is moot is normally not justiciable." (internal citations omitted)); *see also Duncan v. Evans*, 653 S.W.2d 38, 41 (Tex. Crim. App. 1990) (Onion, P.J., dissenting) (noting that when an order that is the subject of the appeal "has been vacated . . . the question presented is moot. There is not presently a justiciable controversy. Normally when the question becomes moot the case is dismissed.").

*v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Accordingly, we dismiss this appeal for lack of jurisdiction.[8] *See* TEX. R. APP. P. 44.3; *Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522; *see also Cargile v. State*, No. 10-12-00081-CR, 2012 Tex. App. LEXIS 2919, at **3-4 (Tex. App.—Waco Apr. 11, 2012, no pet.) (mem. op., not designated for publication) (dismissing a defendant's appeal for lack of jurisdiction because, among other things, he did not timely file his notice of appeal). All other pending motions are dismissed as moot.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Dismissed
Opinion delivered and filed April 4, 2013
Do not publish
[CRPM]

---

[8] Moreover, because Bowen's appeal in untimely, we decline to address the impact of his waiver on this case. *See* TEX. R. APP. P. 47.1.